█ WILBUR K. HOCKENBROUGHT, Appellant, v. NATASHA HOCKENBROUGHT, Respondent.— Order unanimously reversed, without costs, and proceeding dismissed. Memorandum: This appeal is from a Family Court order which granted defendant-respondent wife $4,500 for attorneys' fees for services alleged to have been rendered in proceedings referred to Family Court by Supreme Court in connection with a divorce action. Appellant contends that Family Court had no jurisdiction to award counsel fees *pendente lite* after final judgment had already been entered in the divorce action, and further that in making the award, based on the circumstances of the case, the court abused its discretion. The attorneys who represented respondent on the application for counsel fees were not respondent's attorneys at the trial of the divorce suit. At that time substituted counsel was denied counsel fees because the Trial Justice determined that the respondent "has greater earning power than the plaintiff hus-

band ". The judgment for the plaintiff in the divorce action was entered on July 28, 1972. Present attorneys had received $1,300 from the wife and also on August 1, 1972 secured a judgment against her for $6,050.70. Being unable at that time to satisfy the judgment, the attorneys on August 25, 1972 moved in Family Court for a hearing to review an application they had made a year earlier when they had represented the wife and which had apparently been abandoned by everyone, including the Family Court Judge. Quite apart from the legal questions involved in this matter, the record indicates that on December 6, 1973 counsel for respondent's attorneys signed a satisfaction of judgment which recites that the "judgment has been wholly paid". It would appear, therefore, from this record that the attorneys have received a total of $7,615.15 for services. Family Court's authority to award counsel fees in custody matters referred to it by Supreme Court has been clearly established. *Matter of Kapzynski* v. *Kapzynski* (30 A D 2d 962) recognized the effect of section 651 of the Family Court Act which grants the Family Court "the same powers possessed by the Supreme Court" in referred custody proceedings. By section 237 of the Domestic Relations Law these powers include the authority to pay counsel fees in a proper case. The authority of any court to grant counsel fees is purely statutory (*Johnson* v. *Johnson*, 206 N. Y. 561). The order appealed from can only be sustained if authority for it can be found in section 237 of the Domestic Relations Law. Subdivision (a) of this section squarely requires the vacating of the award in the instant case. It provides that: "Such direction [for counsel fees] *must* be made *in* the final judgment in such action or proceeding, or by one or more orders from time to time *before* final judgment, or by both such order or orders and the final judgment." (Emphasis added.) This, it is clear, was not done. The final judgment in the divorce action specifically denied counsel fees to respondent's then retained attorney. The Family Court final order, which antedated the final Supreme Court judgment, made no mention whatsoever of counsel fees. Family Court had no jurisdiction to entertain the application which is now before us for review and its award of counsel fees must be set aside and the proceeding dismissed. (Appeal from order of Erie County Family Court, fixing counsel fees in divorce action.) Present—Marsh, P. J., Witmer, Simons and Goldman, JJ.