MURIEL M. ROSCINI, Appellant-Respondent, v. LAWRENCE ROSCINI, Respondent-Appellant.

Fourth Department, July 5, 1974.

*Lowery & Mancuso* (*Lewis B. Helfstein* of counsel), for appellant-respondent.

*Alderman, Alderman, Samuels & Schepp* (*Bernard Samuels* of counsel), for respondent-appellant.

*Per Curiam.* This is an appeal from an order which, *inter alia,* denied appellant wife's application for counsel fees. The legal issue before us requires us to determine whether the specific mandates of section 237 of the Domestic Relations Law preclude a post-separation award of counsel fees representing necessary legal expenses incurred by a wife in securing compliance with the terms of, and in defending an appeal from, a judgment of separation.

In December, 1971 the plaintiff wife commenced an action for legal separation against her husband. The final judgment of separation provided an award of counsel fees in the sum of $2,850. That judgment was affirmed on appeal as modified by certain deletions and directions not here relevant (*Roscini* v. *Roscini,* 41 A D 2d 895).

Thereafter, the husband moved to enforce and interpret certain decretal paragraphs of the judgment. His wife cross-moved for various forms of relief and, significant to our considerations here, requested payment of an additional $7,500 as counsel fees for services performed since entry of the judgment, including the defense of the husband's appeal and prosecution of a cross appeal in this court. In denying this application for fees, the court below questioned the legality of making such an award after entry of the final judgment in a separation action and denied appellant's application " without prejudice to a renewed application in the divorce proceeding or to a renewal of the application or a plenary suit for such fees in the event no divorce action is instituted ".

The authority to direct a husband to " pay such sum or sums of money to enable the wife to carry on or defend " a matrimonial action or proceeding is contained in subdivision (a) of section 237 of the Domestic Relations Law. Explicit in the language of this section is the instruction that " such direction must be made in the final judgment in such action or proceeding, or by one or more orders from time to time before final judgment, or by both such order or orders and the final judgment ". Post-judgment applications for fees previously unre-

quested must, therefore, be denied although legal services had been earlier rendered (see *Hockenbrought* v. *Hockenbrought*, 44 A D 2d 767). However, the statute fails to contemplate legal costs intrinsic to but arising only after a final judgment in a matrimonial action: namely, expenses representing services necessary to prosecute or defend an appeal of a judgment of separation or divorce or to enforce compliance with the terms of such judgment.

Under prior law the courts were empowered to award counsel fees " during the pendency " of the matrimonial litigation (Civ. Prac. Act, § 1169). This phrase was broadly construed to include all situations in which jurisdiction over the parties was retained, thus permitting fee awards for appellate endeavors (see, e.g., *Fox* v. *Fox*, 263 N. Y. 68). With the transfer of the Civil Practice Act provisions relating to matrimonial actions to the Domestic Relations Law, this terminology was omitted in favor of more exacting temporal requirements, with the resultant effect that the current statute lacks specific provision for allowance of post-judgment legal expenses. To construe the section as meaning that the Legislature intended to deny a wife the financial means to secure legal representation under the circumstances here " would be completely illogical and contrary to the legislative intent expressed in the statute  *  *  * that while a wife may be granted an allowance of counsel fees to prosecute or defend an action when she satisfies the court that she is entitled thereto, she may not similarly be put in a position to prosecute or defend an appeal from a final judgment rendered in the action (or an order made thereafter), notwithstanding that she shows merit " (Rothenberg, Matrimonial Allowances in New York, § 36, p. 189). We therefore hold that where, as here, a wife in an action for legal separation has, upon timely application, been awarded counsel fees pursuant to the terms of subdivision (a) of section 237 of the Domestic Relations Law, additional funds to enable the wife to retain adequate representation during the appellate process or to enforce the terms of a judgment of separation may be sought. Such a request, necessarily made after the final judgment in a separation action has been rendered, must be viewed as part of a continuing application and any fee subsequently awarded may be treated as an appendage to the original award. Such a conceptual approach eliminates the harsh product of absolute statutory construction, yet honors the substantive scheme expressed by the Legislature in section 237. Post-judgment applications for fees made in the manner herein described

must represent legal services and expenses incurred *after* rendition of the final judgment of separation, such as some of the services rendered in the case at bar. To be chargeable to the husband, all previous legal costs must have been addressed in the final judgment or by one or more orders prior to the judgment or both, as required by the Domestic Relations Law.

Several points remain. The application for fees herein was denied partially on the theory that the matter might better be considered in the subsequent divorce action contemplated by the parties. This conclusion assumed the power of the divorce court to award counsel fees " for services past, present or prospective " (Practice Commentary, McKinney's Cons. Laws of N. Y., Book 14, Domestic Relations Law, § 237, p. 288). A court sitting in a divorce action possesses no authority to award fees for legal services dating from the initial marital difficulty where a judgment of separation has previously been entered. The language of subdivision (a) of section 237 suggests legislative intent that separation and divorce be considered as independent actions with applications for counsel fees being separately made and resolved in each. This issue need not be reached here, however, since the court was informed on oral argument that an agreement between the parties requires the wife to assume personally her legal counsel costs in the divorce action which, incidentally, has apparently been tried. Such an agreement, would, of course, preclude any request for counsel fees which otherwise would have been appropriately made to the court entertaining the divorce action. The trial court further considered that the instant application for fees might be deferred in favor of a plenary suit against the husband to recover the value of legal services rendered. While the common-law action continues to be a remedy for the recovery of such " necessaries " as counsel fees (*Levine* v. *Levine,* 48 Misc 2d 15), the forced institution of such suits is not to be encouraged when a trial court having jurisdiction over the parties is capable of rendering an informed decision, with due regard for the facts and the financial circumstances of the parties. The additional expense and delay inherent in the commencement of a separate action militate against its use here.

Appellant has argued that we should determine the reasonable value of legal services rendered on her behalf. As we have stated, applications for counsel fees should be made to and passed upon by the court of original instance (*Russell* v. *Russell,* 40 A D 2d 945; *Rubin* v. *Rubin,* 35 A D 2d 460). That court is

familiar with the matter and is in a much more competent position, by reason of its experience with the action, to determine the question.

The order appealed from should be reversed and the matter remitted for determination of appellant's application for fees. Any award ultimately granted should consider all post-judgment legal expenses, including those incurred in defending the instant appeal.

MARSH, P. J., WITMER, MAHONEY, GOLDMAN and DEL VECCHIO, JJ., concur.

Order unanimously reversed with costs to plaintiff-appellant and matter remitted to Supreme Court, Onondaga County, for further proceedings in accordance with *Per Curiam* opinion. Defendant's motion granted to extent pages A-1 through A-12 be deleted from plaintiff-appellant's brief and otherwise motion denied.