■ JOCELYN K. TAYLOR, Respondent, v DOUGLAS C. TAYLOR, Appellant.—Order of the Supreme Court, New York County (Stanley S. Ostrau, J.), entered November 19, 1985, which granted the motion by attorneys for plaintiff-respondent for leave to withdraw as counsel and for an assessment of counsel's fees to be paid by defendant-appellant, is unanimously modified, on the law, to the extent of denying that branch of the motion directing defendant-appellant to pay respondent's counsel's fees as assessed by the court, and the order is otherwise affirmed, without costs.

In March 1984, plaintiff-respondent wife instituted an action for divorce from appellant in New York County Supreme Court and was represented by the firm of Messrs. Bronstein, Van Veen & Bronstein (hereinafter Bronstein), the moving party below, pursuant to a retainer agreement dated February 7, 1984. After one year of pretrial litigation, appellant and respondent entered into a settlement agreement which limited appellant's liability for the wife's debts to those set forth therein. The parties also agreed to discontinue the New York action and obtain a divorce in the Dominican Republic. Because Bronstein was opposed to Mrs. Taylor's settlement plan, Mrs. Taylor retained new counsel. Bronstein refused to sign the consent to change attorney form on the ground that respondent owed the firm $85,000 in legal fees. Bronstein, however, did not at this point move to withdraw as counsel and seek an assessment of fees.

On May 8, 1985, respondent obtained a divorce decree in the Dominican Republic and on May 12, 1985, a stipulation discontinuing the New York action was entered into by the parties. It was not until six weeks later that Bronstein moved for leave to withdraw as counsel, for a judicial assessment of their compensation and for an order directing appellant to pay the amount assessed. The court below, finding that there

had been no substitution of counsel, granted Bronstein's motion, describing it as "appropriate and timely."

There is no merit to Bronstein's claim that the stipulation discontinuing the New York action with prejudice on the basis of the foreign divorce was invalid. Because there was no longer any matrimonial action pending to confer jurisdiction on the court, the court below had no authority under Domestic Relations Law § 237 to direct an award of counsel fees. Under Domestic Relations Law § 237, a motion for attorney's fees must be made prior to final judgment. Postjudgment applications for fees may only be granted for legal services and expenses incurred after rendition of the final judgment. (*Roscini v Roscini,* 45 AD2d 254, 257.) Accordingly, we reverse the order directing appellant to pay respondent's counsel's fees. Concur—Carro, J. P., Fein, Milonas and Ellerin, JJ.