■ ANN P. STARKE, Appellant, v RICHARD P. STARKE, Respondent.—Order unanimously modified on the law and facts and as modified affirmed with costs to plaintiff, and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: The judgment of divorce granted to plaintiff in 1981 incorporated the separation and property settlement agreement between the parties. Under that agreement, defendant was required to provide medical insurance "in full force and effect for the benefit of the Wife, and for the benefit of the infant child, so long as he remains an infant". Plaintiff arranged for the hospitalization of the child in 1984, at which time an insurance policy covering the child's hospital and medical expenses was in effect. Before payment of benefits thereunder, however, the insurance carrier entered chapter 11 bankruptcy proceedings and apparently, to date, the hospital and medical expenses have not been paid.

In this enforcement proceeding, Special Term erred in concluding that because plaintiff did not get defendant's consent before incurring the expenses, she is responsible for payment thereof to the extent not recovered from the insurance carrier. The parties agree that the expenses incurred in connection with the son's hospitalization are covered by the insurance policy and that the provision of the separation agreement requiring defendant's consent prior to incurring extraordinary medical expenses for the son relates only to uninsured medical expenses. The consent issue is, therefore, irrelevant to this controversy. It was not within the contemplation of the parties that defendant's consent would be required before medical expenses of the kind we see here were incurred.

With the consent issue removed from our consideration, there is no other basis upon which to hold plaintiff responsible for payment of these expenses. While it is not the fault of either party that the insurance carrier defaulted in its con-

tractual obligations, the consequences of that default should not be borne by plaintiff. It was defendant's burden to provide insurance coverage for the benefit of plaintiff and the infant son. Defendant, not plaintiff, must be held responsible for the payment of any medical and hospital expenses not paid by the insurance carrier in connection with the son's hospitalization.

Although plaintiff requested an award of counsel fees in relation to her application to compel payment by defendant of the medical expenses, Special Term did not address the issue in either its memorandum decision or the order entered thereon. We view plaintiff's application as one to compel the payment of a sum of money required to be paid under the judgment of divorce. Thus, the court has discretion to make an award of counsel fees pursuant to Domestic Relations Law § 238. Since the court of original instance should determine, on consideration of the appropriate factors, whether plaintiff is entitled to such an award and, if so, the amount thereof, the matter is remitted for those purposes. If an award is warranted, consideration should also be given to legal expenses incurred by plaintiff on this appeal *(Roscini v Roscini,* 45 AD2d 254).

Finally, we conclude that Special Term properly denied plaintiff's application for an award of counsel fees for services rendered to her in procuring the delivery of certain securities. Such an award is not authorized under Domestic Relations Law § 238 *(see,* Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 238, at 573; *cf., Fabrikant v Fabrikant,* 19 NY2d 154) and was not authorized under Domestic Relations Law § 237 as then extant *(see,* L 1986, ch 149, § 1, eff June 16, 1986; Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Domestic Relations Law C237:7, at 517-518). The provision of the separation agreement upon which plaintiff relies does not require defendant to pay legal fees for services of the nature rendered to plaintiff. If plaintiff is entitled to an award of counsel fees under the security agreement between parties, it can be made only in a plenary action. The security agreement was not incorporated into the judgment of divorce. (Appeal from order of Supreme Court, Erie County, Ricotta, J. —divorce-contempt proceeding.) Present—Dillon, P. J., Doerr, Boomer, Green and Davis, JJ.