■ TALIA CARNER, Respondent, v JOSEPH YARIV, Appellant.— In an action to recover child support due, *inter alia,* pursuant to agreements between the parties, the defendant father appeals from an order of the Supreme Court, Suffolk County (Brown, J.), dated May 6, 1988, which granted the plaintiff mother's application for counsel fees to the extent of awarding her $2,100.

Ordered that the order is reversed, without costs or disbursements, and the matter is remitted to Supreme Court, Suffolk County, for an evidentiary hearing to determine the reasonable value of the services of the plaintiff's attorney in connection with that branch of her application which was to enforce the defendant's obligation to pay the plaintiff $1,000 per month in child support.

We do not agree with the defendant that the Supreme Court was without authority to award the plaintiff counsel fees. Although the plaintiff did not demonstrate that the defendant was obligated by a judgment of divorce to make child support payments in the monthly amount of $1,000 so as to entitle her to an award of counsel fees pursuant to Domestic Relations Law § 238 *(cf., Galyn v Schwartz,* 56 NY2d 969), the defendant, by stipulation of settlement made in this plenary action to recover child support payments, agreed to pay the plain-

tiff's counsel fees should he default in making the monthly support payments *(cf., Starke v Starke,* 127 AD2d 969; *see, Klein v Sharp,* 41 AD2d 926). The fact that the defendant did not similarly agree to pay counsel fees in conjunction with the plaintiff's application for enforcement of the defendant's obligation pursuant to the stipulation to reimburse her for the children's extraordinary medical expenses did not deprive the court of the authority to award the counsel fees incurred to enforce the defendant's obligation to make regular monthly child support payments *(cf., Starke v Starke, supra).* Moreover, neither the defendant's payment on the return date of plaintiff's motion to hold him in contempt of all amounts due nor the fact that plaintiff may have sought enforcement in the wrong forum served to deprive her of her contractual right to recover counsel fees *(cf.,* CPLR 103; *Reisch & Klar v Sadofsky,* 78 AD2d 517). However, the court should have conducted an evidentiary hearing prior to fixing the award *(see, Price v Price,* 115 AD2d 530; *Weinberg v Weinberg,* 95 AD2d 828; *see also, Matter of First Natl. Bank v Brower,* 42 NY2d 471, 474) and we remit the matter to the Supreme Court, Suffolk County, for that purpose. Spatt, J. P., Sullivan, Harwood and Balletta, JJ. concur.