OPINION OF THE COURT
William P. Warren, J.
This is an application for counsel fees brought on by the petitioner-intervenor, Deborah F. By order to show cause she is seeking an award in the sum of $7,645 for services provided in three proceedings. By interim decision of November 30, 1989, this court directed that a hearing be held. (See, Ryan v Ryan, 92 AD2d 889; Entwistle v Entwistle, 92 AD2d 879; McCann v Guterl, 100 AD2d 577; Mastro v Mastro, 114 AD2d 1014.)
There are three different proceedings involved with this application. On April 10, 1989 pursuant to article 6 of the Family Court Act, Deborah F. filed a petition against Gary F. seeking custody of two children of the parties. On that same day, she filed a petition under article 8 alleging that the respondent committed acts which constitute a family offense. Thereafter, on May 4, 1989, the Child Protective Services filed a petition under article 10 alleging that Gary F. had abused 1 of his 2 daughters. On that day, all three proceedings appeared on the court calendar. Deborah F. applied to intervene in the abuse proceeding pursuant to Family Court Act § 1035 and her application was granted.
All matters were adjourned to May 30, 1989. A conference was had on that date, after which a second conference was scheduled for July 5, 1989, and the article 10 child abuse proceeding was scheduled for a fact-finding hearing on July 18, 19 and 20. On July 18 and 19 the child abuse hearing was conducted and this court made a finding of abuse pursuant to section 1051 of the Family Court Act upon the consent of all counsel and the respondent.
*376 On September 5, 1989 all parties appeared before the court at which time a dispositional agreement was reached on the child abuse proceeding, the custody proceeding was settled by permanent custody being awarded to the petitioner and the family offense petition was withdrawn. On October 12, 1989 a proposed order to show cause was submitted and on October 16 the court signed the order directing the respondent to respond to the application made by the petitioner for counsel fees. On October 17, 1989 the order of fact finding and disposition in the neglect proceeding was signed by the court and entered by the clerk.
On March 30, 1990 a hearing on the application for counsel fees was conducted. The parties agreed that the hearing would address the necessity of the services claimed, the accuracy of the records of counsel, and the reasonableness of the rate being sought. They did not agree on whether the financial circumstances of the parties should be considered. The court reserved on that question but did take testimony from the parties as to their relative financial circumstances. Lastly, after the conclusion of testimony offered by the petitioner, respondent moved to dismiss upon the ground that no authority exists for the award of counsel fees in a child abuse or neglect proceeding. The court denied that application but stated it would consider that proposition in connection with its decision herein.
Petitioner-intervenor’s attorney testified in support of the application. He introduced into evidence time records and a breakdown in the form of an affirmation indicating which of the time records related to the custody, family offense and child abuse proceedings. The respondent’s counsel questioned him regarding whether any of such records related to a support proceeding before a Hearing Examiner or other matrimonial actions. It should be noted that the petitioner’s counsel, on October 30, 1989, was awarded $5,792 in attorney’s fees and $1,009.55 in disbursements by a Hearing Examiner of this court for representation he provided the petitioner in a support proceeding. Counsel for the petitioner provided to the court a sufficiently detailed explanation of his calculations of time spent on each matter to convince the court that the hours he is claiming in this application were spent on the three proceedings (custody, family offense and child abuse) and do not duplicate hours spent in the support or other matters. Therefore, the court finds that the counsel for the petitioner devoted a total of 47.5 hours to these proceedings. These hours *377 are reduced by 4.9 hours which time represents duplicative time when two attorneys worked on the petitioner’s matter at the same time. This yields a net number of billable hours of 42.6.
The attorney who testified was the counsel who provided 90% of the services to the petitioner. He was admitted to the Bar 11 years ago and has devoted 80% to 90% of his time to matrimonial law during the last five years of his practice. He is an associate of his firm, is a member of the Family Law Sections of the Rockland County and New York State Bar Associations, and on the Law Guardian Advisory Committee. He charged a fee of $175 per hour. The court finds this to be a reasonable fee in light of his training and experience and within the range of fees charged by counsel of his stature in this community.
Four and six-tenths hours of the total billable hours were charged at the rate of $200 per hour. These charges related to the services provided to the petitioner by William Frank, a partner in the firm. However, no testimony or other evidence regarding Mr. Frank’s background, training and experience was presented to the court to support an hourly fee of this amount. Therefore, the court is constrained to authorize $175 per hour as the fee for all legal services.
The next question to address is the necessity of the services. Integrally related to this question is the issue of the apparent lack of authority to award counsel fees in article 10 child abuse/neglect Family Court proceedings. Counsel fees can only be granted where there is statutory authority therefor. In Schussler v Schussler (123 AD2d 618), the Appellate Division, Second Department, refused to uphold a lower court’s award of counsel fees when such fees related to services provided in connection with an application for counsel fees. In so doing, the court stated: "The plaintiff is entitled to an award of counsel fees for amounts expended in defense of the defendant’s application for a change of custody of the parties’ son (see, Domestic Relations Law § 237 [b]; Borakove v Borakove, 16 AD2d 683). She is not entitled, however, to an award of counsel fees for amounts expended in an attempt to obtain an award of counsel fees, since such counsel fees are not authorized by Domestic Relations Law § 237 (b) (cf. Hempstead Gen. Hosp. v Allstate Gen. Ins. Co., 106 AD2d 429, affd 64 NY2d 958; Parkside Mem. Chapels v Garlick Funeral Homes, 61 AD2d 1028, lv denied 44 NY2d 647). We have therefore deleted that portion of the award which represented counsel *378 fees for obtaining an award of counsel fees.” (Schussler v Schussler, supra, at 618-619.)
In Hockenbrought v Hockenbrought (44 AD2d 767), the Fourth Department reversed a Family Court Judge’s award of counsel fees in a matter which had been referred from the Supreme Court. Therein it was stated: "Family Court’s authority to award counsel fees in custody matters referred to it by Supreme Court has been clearly established. Matter of Kapzynski v. Kapzynski (30 A D 2d 962) recognized the effect of section 651 of the Family Court Act which grants the Family Court 'the same powers possessed by the Supreme Court’ in referred custody proceedings. By section 237 of the Domestic Relations Law these powers include the authority to pay counsel fees in a proper case. The authority of any court to grant counsel fees is purely statutory (Johnson v. Johnson, 206 N. Y. 561). The order appealed from can only be sustained if authority for it can be found in section 237 of the Domestic Relations Law.” (Hockenbrought v Hockenbrought, supra, at 768.)
Family Court Act § 651 (b) provides as follows: "When initiated in the family court, the family court has jurisdiction to determine, with the same powers possessed by the supreme court in addition to its own powers, habeas corpus proceedings and proceedings brought by petition and order to show cause, for the determination of the custody or visitation of minors, including applications by a grandparent or grandparents for visitation rights pursuant to section seventy-two or two hundred forty of the domestic relations law.”
The Domestic Relations Law, in section 237 (b), authorizes the Supreme Court to award counsel fees in custody proceedings. Reading these statutes in concert yields the conclusion that the Family Court is authorized to award counsel fees in custody proceedings. (Hockenbrought v Hockenbrought, 44 AD2d 767, supra; Mouscardy v Mouscardy, 63 AD2d 973; Sooy v Sooy, 101 AD2d 287.)
Section 842 of the Family Court Act permits the court to issue an order of protection requiring a party to pay reasonable counsel fees and disbursements. Clearly, both custody and family offense proceedings allow the court to award counsel fees. However, after a review of article 10 of the Family Court Act, the court has found no authority, nor has it been made aware of any authority for the award of counsel fees in a child abuse/neglect proceeding. The law is well settled that counsel *379 fees cannot be awarded except where they are authorized by statute. Consequently, no counsel fee can be awarded for the article 10 proceeding.
Although these three proceedings were integrally related, it appears to the court that the actual fact-finding hearing held herein was clearly distinguishable as an article 10 proceeding. Only the abuse fact-finding hearing was scheduled for July 18 and July 19. When that proceeding was on the court calendar on those days, only abuse and neglect matters were addressed. Although the petitioner-intervenor chose to participate in the proceeding and be represented by counsel, this court does not believe it has the authority to award counsel fees for that proceeding.
It appears to this court that the balance of time spent by the attorney for the petitioner-intervenor was sufficiently related to the issues involved in the custody and family offense proceedings to justify, in this court’s discretion, an award of counsel fees. Therefore, such fees will be awarded for 42.6 hours minus 11.5 hours (6 hours for July 18, 1989 and 5.5 hours for July 19, 1989 as per the affirmation of Alan Rosenblatt) or a total of 31.1 hours.
The court has considered the relative financial circumstances of the parties. The petitioner is unemployed and never had any substantial employment. Although she is looking for employment, her work background consists of operating a part-time business of floral arrangements and working in a floral shop. Her earnings for each of the past three years were never more than $1,000 per year.
The respondent is also unemployed. He was terminated on January 9, 1990 from LCS Industries. His earnings for the past three years were reported as in excess of $77,000 for 1989, over $94,000 for 1988, and over $90,000 for 1987. He has a degree in business administration from Temple University and expects to begin earning money again in April of 1990. While the respondent may be experiencing a temporary disruption of his earning capacity, it is clear to the court that based upon his history of earnings as compared to the petitioner-intervenor’s, he is far better able to afford counsel fees than she is. Therefore, the court will require him to pay the counsel fees awarded herein.
This court awards the petitioner-intervenor counsel fees as follows. Thirty-one and one-tenth hours at $175 per hour or $5,442.50 plus $75 in disbursements for a total of $5,517.50. *380 Respondent is directed to pay such fee directly to the petitioner-intervenor’s attorney as follows: $2,000 by August 15, 1990; $2,000 by November 15, 1990; and $1,517.50 by January 15, 1991; In the event he fails to make payments as directed, the petitioner-intervenor is authorized to submit a judgment therefor. Judgment is to be submitted on notice and accompanied by proof of nonpayment.