OPINION OF THE COURT
William P. Warren, J.
This court has before it an application for counsel fees brought on by counsel for the petitioner by notice of motion of October 25, 1990 and served on respondent’s counsel on that date. In that application, an order is sought pursuant to Family Court Act § 651 (b) and Domestic Relations Law § 237 (b) in the sum of $4,700 and directing the respondent to pay same. The application is supported by an attorney’s affirmation dated October 25, 1990.
Respondent has submitted an attorney’s affirmation in oppo *524 sition dated November 6, 1990 and the petitioner has filed with the court a reply thereto. The reply is in the form of an attorney’s affirmation of November 7, 1990 and has exhibits annexed. The motion was marked submitted on the court calendar of November 9, 1990 and decision was reserved.
The petitioner’s claim for attorney’s fees is based upon legal services provided in connection with custody proceedings and "various offshoots” pursuant to article 6 of the Family Court Act. Respondent’s counsel does not dispute that Family Court Act § 651 (b) combined with Domestic Relations Law § 237 (b) confers upon the court the authority to award counsel fees in custody proceedings. However, it is claimed for the following reasons that no award may or should be made under the facts of this matter. First, that the application was untimely made; second, an affidavit of net worth was not included with the application; third, no information as to the party’s finances is submitted; and fourth, assuming the court determines it has jurisdiction to determine counsel fees, an evidentiary hearing is necessary.
In order to determine this application, a review of the history of these proceedings as reflected by this court’s file is necessary. The matter involving these parties first appeared on the court’s calendar on May 30, 1990. On that day Barry Berson filed a family offense petition against Doris Berson under article 8 of the Family Court Act and custody petitions for the custody of two infants of the marriage under article 6 of the Family Court Act. Subsequently, Doris Berson filed a family offense petition against Barry Berson, which petition was heard on June 19, 1990. Multiple additional petitions alleging violations of temporary orders of protection were filed after this date. A court appearance resulted on August 3, 1990 and the matter came on for hearing before the court on September 14, 1990. On that date, no hearing was held. Rather, after extensive conferencing, a settlement of all proceedings was entered on the record in open court. After reviewing the terms of the settlement and confirming it on the record, the court directed submission of an order reflecting the terms of the settlement. The order was to be submitted by petitioner’s counsel and noticed for settlement before the court on October 26, 1990. The court further directed that the order be served upon respondent’s counsel with notice of settlement by October 12, 1990.
On or about October 12, petitioner’s counsel submitted to the court a proposed order with notice of settlement for *525 October 26, 1990, together with a transcript of the proceedings had in court on September 14. In the cover letter which accompanied the proposed orders, counsel for the petitioner stated "I will also be furnishing an application to the court for counsel fees on behalf of Mrs. Berson in the near future.” On October 25, 1990, respondent’s counsel submitted a counter-proposed order. Also on October 25 the instant application for counsel fees by the petitioner’s counsel was made. On November 8,1990, the court signed the order in this matter.
Family Court Act § 651 (b) reads as follows: "(b) When initiated in the family court, the family court has jurisdiction to determine, with the same powers possessed by the supreme court in addition to its own powers, habeas corpus proceedings and proceedings brought by petition and order to show cause, for the determination of the custody or visitation of minors, including applications by a grandparent or grandparents for visitation rights pursuant to section seventy-two or two hundred forty of the domestic relations law.”
Domestic Relations Law § 237 (b) provides as follows: "(b) Upon any application to annual or modify an order or judgment for alimony or for custody, visitation, or maintenance of a child, made as in section two hundred thirty-six or section two hundred forty provided, or upon any application by writ of habeas corpus or by petition and order to show cause concerning custody, visitation or maintenance of a child, the court may direct a spouse or parent to pay such sum or sums of money for the prosecution or the defense of the application or proceeding by the other spouse or parent as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties. With respect to any such application or proceeding, such direction may be made in the order or judgment by which the particular application or proceeding is finally determined, or by one or more orders from time to time before the final order or judgment, or by both such order or orders and the final order or judgment.”
It is not disputed that pursuant to these statutes the Family Court has authority to award counsel fees in custody proceedings initiated in the Family Court. (Hockenbrought v Hockenbrought, 44 AD2d 767; Mouscardy v Mouscardy, 63 AD2d 973; Matter of Sooy v Sooy, 101 AD2d 287; Matter of Elissa F., 147 Misc 2d 374.) Nevertheless, this rule of law does not answer the question of at what stage of the proceeding must an application for these fees be made.
*526 The pertinent portion of Domestic Relations Law § 237 (b) in connection with this proceeding reads as follows: "With respect to any such application or proceeding such direction may be made in the order or judgment by which the particular application or proceeding is finally determined, or by one or more orders from time to time before the final order or judgment, or by both such order or orders and the final order or judgment.”
It must be noted that Domestic Relations Law § 237 (a) contains similar language which reads: "Such direction must be made in the final judgment in such action or proceeding, or by one or more orders from time to time before final judgment, or by both such order or orders and the final judgment; provided, however, such direction shall be made prior to final judgment where it is shown that such order is required to enable the petitioning party to properly proceed.”
Case law in this area has primarily involved the construction and interpretation of Domestic Relations Law § 237 (a). The applicable section of the Domestic Relations Law in this proceeding is Domestic Relations Law § 237 (b). Nonetheless, because of the essential similarity of the language, this court believes the principles enunciated by appellate courts in construing Domestic Relations Law § 237 (a) are equally applicable and can assist this court in construing Domestic Relations Law § 237 (b).
The issue to be examined is by what stage of the proceedings must an application for counsel fees be made. The statutory language requires a direction for counsel fees to be made in the order which finally determines the proceeding or by orders prior thereto. An examination of cases construing Domestic Relations Law § 237 (a) is in order. In Taylor v Taylor (120 AD2d 355), the Appellate Division, First Department, reviewed the following fact pattern. Plaintiff and defendant had entered into a stipulation discontinuing a New York action on May 12, 1985, four days after the plaintiff had obtained a Dominican Republic divorce decree. Six weeks later an application was made for leave to withdraw as counsel and to obtain counsel fees. Because the applying counsel had disagreed with the plaintiffs settlement arrangement, plaintiff had retained other counsel to pursue the divorce in the Dominican Republic and the discontinuance of the New York action. No consent to change attorney was ever signed because it was claimed the plaintiff owed $85,000 in legal fees.
*527 The Appellate Division, First Department, reversed the Supreme Court, New York County, which court had granted a motion for an assessment of counsel fees to be paid by the defendant. In its decision, the Appellate Division held as follows: "Because there was no longer any matrimonial action pending to confer jurisdiction on the court, the court below had no authority under Domestic Relations Law § 237 to direct an award of counsel fees. Under Domestic Relations Law § 237, a motion for attorney’s fees must be made prior to final judgment. Postjudgment applications for fees may only be granted for legal services and expenses incurred after rendition of the final judgment. (Roscini v Roscini, 45 AD2d 254, 257.) Accordingly, we reverse the order directing appellant to pay respondent’s counsel’s fees.” (Taylor v Taylor, supra, at 356.)
In Hockenbrought v Hockenbrought (44 AD2d 767, supra), the divorce judgment was entered on July 28, 1972. On August 25, 1972, counsel moved in the Family Court to renew an application for counsel fees made a year before and which had been abandoned. (It appears from the decision that the Family Court was involved since the matter was referred to it from the Supreme Court.) An award was made by the Family Court Judge and reversed by the Appellate Division holding that although the Family Court had authority to award counsel fees in the matter referred from Supreme Court (Matter of Kapzynski v Kapzynski, 30 AD2d 962), such authority is purely statutory (Johnson v Johnson, 206 NY 561). Since Domestic Relations Law § 237 (a) requires the direction to be made in the final judgment or in an order prior thereto, there was no authority for the Family Court to award counsel fees where the application was made after final judgment.
The opinion of the Appellate Division, Second Department, in Sadofsky v Sadofsky (78 AD2d 520) dealt with a case where a stipulation of settlement was put on the record. The matter was being tried when on the fourth day the parties reconciled and a stipulation set forth on the record. As soon as that was done, respondent’s counsel asked the Trial Justice to fix a counsel fee. No objection was raised and the court granted a fee and directed an affidavit of services. Subsequently, both parties discharged their counsel, jointly hired a new counsel who opposed the prior attorney’s fee application. Special Term awarded $8,500 over the objection of the new counsel.
The Appellate Division reversed, but agreed with the trial *528 court that it had jurisdiction to award counsel fees where the action is withdrawn. Because the application for counsel fees was made "moments” after the stipulation was put on the record, the Appellate Division quoted the trial court in referring to Domestic Relations Law § 237 (a) and stated: "that statute (Domestic Relations Law § 237 [a]) 'is silent with respect to awarding counsel fees where the action has been withdrawn * * * To say that because the plaintiffs attorneys made the application moments after the parties reconciled and indicated to the Court their desire to withdraw their respective actions, counsel fees may not be granted, would be bowing to semantics.’ ” (Sydofsky v Sydofsky, 78 AD2d 520, 521.)
Then in Gilmore v Gilmore (138 AD2d 347) the Appellate Division, Second Department, reviewed and affirmed the Supreme Court’s award of counsel fees. The facts were that on June 27, 1986 a judgment of divorce was entered. In that judgment, plaintiff’s application for counsel fees was denied " 'without prejudice to reapply for such relief.” (Supra, at 347.) The basis for the denial was the lack of detail in the plaintiffs application. After the entry of the divorce judgment, plaintiff resubmitted his application. Defendant opposed claiming that Domestic Relations Law § 237 (a) denied the court authority to make this postjudgment award. After the court granted plaintiff’s application, an appeal ensued.
On appeal the Second Department recognized that while the trial court lacks authority to make a postjudgment award of fees, in this case the award was authorized. The court based its decision on two facts. First, that the application was made prior to the entry of judgment and second, the court specifically retained continuing but limited jurisdiction to entertain plaintiffs reapplication. (Gilmore v Gilmore, supra.)
In reviewing the facts of the instant proceeding in light of the case law, it is noted that none of the reported decisions are directly on point. While Sydofsky v Sydofsky (78 AD2d 520, supra) and Gilmore v Gilmore (138 AD2d 347, supra) may stand for the proposition that in certain limited circumstances a court can award counsel fees after the entry of the order finally determining the proceeding, they both can and should be distinguished from the facts of the application before the court. Unlike the facts in Sydofsky v Sydofsky (supra), the application for counsel fees was not made "moments” after the stipulation was put on the record. In fact, it was not made *529 until 41 days after the stipulation of settlement was put on the record in open court. Unlike the situation in Gilmore, the order determining the proceeding did not include any direction regarding counsel fees or permitting a reapplication therefor. This could not have occurred since at the time the order was entered on the record and its submission was directed, no application had been made.
In arriving at its decision, this court has reviewed the record of the proceedings had in court on September 14, 1990 when the stipulation of settlement was entered. The following opening statement was made by counsel for the petitioner, Doris Berson: "Your Honor, as I understand the agreement between the parties, it is stipulated that all the proceedings heretofore scheduled before the Court and the various petitions filed with respect to the custody of the infant children of the parties hereto be and hereby are settled on the following terms and conditions.” Thereafter, the terms of the entire settlement were set forth on the record and no mention was made of counsel fees by either party, or counsel.
Further on in the proceeding, the court asked the petitioner the following questions and received the answers set forth.
"the court: Mrs. Berson, you have likewise been here all day and you have talked to your attorney. Did you hear the terms that your attorney, Mr. Seidenberg, set forth on the record?
"mrs. berson: Yes.
"the court: Do you understand all the terms and conditions set forth by Mr. Seidenberg?
"mrs. berson: Yes.
"the court: Do you have any questions at all about any of the terms and conditions of the stipulation?
"mrs. berson: No.
"the court: Of me or Mr. Seidenberg?
"mrs. berson: No.
"the court: Are you willing to accept settling all the cases before the Court by the Court entering an order on the terms and conditions that your attorney and Mr. Johnson just outlined on the record?
"mrs. berson: Yes.”
Finally, the court asked counsel for the petitioner how long he needed to prepare and submit the order. Dates were given for settling the order after which the court stated: "The order *530 is in effect as of this moment but the written order will not be signed at least until October 26.”
It must be noted that the practice in this court is for proceedings to be settled by the placing of a stipulation on the record in open court and the court directing the submission of a written order, on notice, for settlement before the court on a date specified. To permit applications for counsel fees to be made after such a stipulation has been entered on the record would discourage settlements and leave open the possibility of future litigation. The purpose of a stipulation of settlement put on the record in open court is to finally settle all aspects of the proceedings before the court. Had counsel sought fees in these proceedings, it should have been brought up and disposed of in court on the date the matter was settled. Domestic Relations Law § 237 (b) mandates that that be done and the failure to do so results in the court having no jurisdiction to grant counsel fees.
At no time during the entire proceeding did counsel for the petitioner or the petitioner mention anything about counsel fees. The order finally settling the matter was entered on the record in open court on September 14, 1990. The signing of the submitted order on November 9, 1990 after it was noticed for settlement was merely reducing the court’s order of September 14, 1990 to writing. Any application for counsel fees had to have been made prior to the court order being entered on the record in open court on September 14, 1990. (Taylor v Taylor, 120 AD2d 355, supra; Hockenbrought v Hockenbrought, 44 AD2d 767, supra.) Since this was not done, Domestic Relations Law § 237 (b) prohibits this court from entertaining the instant application and it is hereby dismissed.
As a result of the court’s decision herein, it is not necessary to reach the other issues raised in the opposition papers.