■ Richard A. Butterworth, Respondent, v Patricia L. Butterworth, Appellant. [640 NYS2d 366] —Spain, J. Appeal from an order of the Supreme Court (Connor, J.), entered January 10, 1994 in Columbia County, which, *inter alia*, granted plaintiff's motion for summary judgment.

The parties executed a separation agreement dated November 26, 1991 wherein defendant agreed to transfer to plaintiff her right, title and interest to the former marital dwelling, located in the Village of Philmont, Columbia County, and which

---

was subject to a mortgage. Defendant further agreed to: "be responsible for one-half of each and every monthly mortgage payment on subject property until the balance of the mortgage is paid in full. The monthly mortgage payment includes taxes and currently stands at $514.00 per month. The wife's share is currently, therefore, $257.00 per month. * * * The wife shall coincident with the execution of this agreement, execute a note to the husband which provides that she shall pay him the sum of $52,428.00 in 204 monthly payments of $254.00". Pursuant to the separation agreement, title to the aforementioned real property was transferred to plaintiff subject to the mortgage; the separation agreement also contained provisions detailing the division of the remaining marital assets. Defendant executed a note dated November 26, 1991 wherein she promised to pay plaintiff "the sum of Fifty-Two Thousand Four Hundred Twenty-Eight Dollars ($52,428.00) in 204 monthly payments of $254.00"; the note contained no other pertinent information. Thereafter, plaintiff defaulted on the mortgage payments; it is uncontroverted that defendant, upon plaintiff's default on the mortgage payments, discontinued her payments due plaintiff pursuant to the separation agreement and note.

Plaintiff commenced the instant action alleging, *inter alia*, that defendant failed to comply with the terms and conditions of the note and the separation agreement; both allegations are grounded upon defendant's discontinuance of the monthly payments to plaintiff. Defendant answered, asserting that plaintiff's default on the mortgage and the pending foreclosure extinguished the indebtedness from the mortgage and therefore extinguished her indebtedness on the note. Supreme Court, concluding that "the continuation of the mortgage indebtedness is not required for defendant to remain liable to plaintiff for the subject payments under the Separation Agreement", denied defendant's motion for summary judgment, granted plaintiff's motion for summary judgment and issued an order granting judgment to plaintiff for the unpaid installments, with interest. Defendant appeals.

We affirm. Defendant's contention, that the monthly payments set forth in the separation agreement and note were solely to pay one half of the mortgage and that, upon plaintiff's default and the eventual foreclosure of the mortgage, her obligation to plaintiff was extinguished, is belied by the record. The parties executed a separation agreement which included provisions for the equitable distribution of the entire marital estate including two house trailers, a lot in Florida, the Philmont property, automobiles, pension funds and personalty.

Defendant agreed to transfer her right, title and interest to the Philmont property as part of the entire settlement. In our view, defendant's execution of the note coincident with the execution of the separation agreement indicates an intent by the parties to accomplish a distribution of the marital assets which included a commitment by defendant to pay plaintiff a sum certain.

We have reviewed defendant's remaining contentions and conclude that they either lack merit or are unpreserved for our review.

Cardona, P. J., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.