■ JOANNA C. GUNTERT, Respondent-Appellant, v BENJAMIN F. DANIELS, Appellant-Respondent. [658 NYS2d 521]—White, J. (1) Cross appeals from an order of the County Court of Broome County (Smith, J.), entered March 29, 1996, which, *inter alia*, affirmed a judgment of the City Court of the City of Binghamton in favor of plaintiff, and (2) appeal from an order of said court, entered September 4, 1996, which denied plaintiff's motion for reconsideration.

After the parties separated in July 1987, defendant urged plaintiff to trade in her van and purchase a car, promising to pay the balance. Accordingly, plaintiff purchased a 1987 Mazda, paying $6,000 which left a balance of approximately $9,600. Thereafter, on October 9, 1987, the parties entered into a separation agreement that is incorporated, but not merged, in their judgment of divorce. The agreement provided, *inter alia*, that while both parties waived their right to maintenance, "[defendant] has agreed to provide * * * car payments for [plaintiff] * * * as set forth in [the agreement's provision relating to equitable distribution]". That provision provides that "[defendant] * * * agrees to pay the indebtedness on [plaintiff's] car currently in the amount of $9,655.88, payable in 48

monthly installments of $201.16". It is undisputed that in February 1988 plaintiff traded in the 1987 Mazda, purchasing a 1988 Mazda, and that defendant made only one monthly payment.

In August 1993, plaintiff commenced this breach of contract action in the City Court of the City of Binghamton seeking a money judgment plus counsel fees. Following a Bench trial, City Court found that, regardless of whether plaintiff sold the 1987 Mazda, defendant was obligated to pay the balance due on that vehicle. Accordingly, it awarded plaintiff a judgment in the sum of $9,454.72 plus $1,770 in counsel fees. On appeal, County Court affirmed but denied plaintiff's request for additional counsel fees. It also denied plaintiff's request for reconsideration of its denial of counsel fees. Defendant appeals and plaintiff cross-appeals from the denial of her request for counsel fees; plaintiff also appeals from County Court's denial of her motion for reconsideration.

The resolution of defendant's appeal depends upon our determination of the parties' intent as expressed in their agreement which is to be read as a whole, giving a practical interpretation to the language employed, so that the reasonable expectations of the parties may be realized (see, Sunrise Mall Assocs. v Import Alley, 211 AD2d 711; Riggs v Riggs, 205 AD2d 864, 865). Defendant urges us to construe the clause "to pay the indebtedness" on the 1987 Mazda as an unambiguous indication of the parties' intent that his obligation terminated when the indebtedness on the 1987 Mazda was extinguished, which he claims occurred when plaintiff traded the vehicle in for a new one.

We confronted a similar argument in Butterworth v Butterworth (226 AD2d 899). There, the agreement obligated the defendant to be responsible for one half of a monthly mortgage payment until the balance on the mortgage was paid in full. The defendant argued that her obligation was extinguished upon the plaintiff's default and the eventual foreclosure of the mortgage. We rejected her argument, finding that the parties intended that she pay her share of the mortgage since such obligation was an integral part of the parties' equitable distribution of their marital assets (see, id., at 901).

This case mirrors Butterworth (supra) in that the subject obligation does not stand apart from other provisions of the agreement but rather is entwined throughout, indicating that this obligation was an integral component of the parties' overall settlement of their property and financial affairs. Notably, it appears that the payment of this obligation served as an

inducement for plaintiff's waiver of maintenance. For these reasons, we conclude that defendant has a continuing responsibility to satisfy said obligation despite the fact that plaintiff no longer possesses the 1987 Mazda.

After their divorce, the parties cohabited for several months. During this period, plaintiff allegedly told defendant that he was no longer obligated to pay the subject indebtedness. Having made this representation, defendant now argues that plaintiff should be equitably estopped from pursuing this action. Equitable estoppel is appropriately applied in the interest of fairness where one party, justifiably relying upon the word or conduct of another, changes its position to its detriment (see, *Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184; *England v Nettesheim*, 222 AD2d 825, 827). There is no basis for invoking the doctrine here because defendant has not shown in what manner his position changed to his detriment by reason of plaintiff's representation. Moreover, there is no reason for equity to intervene in this matter since defendant is only being called upon to satisfy a debt he is legally obligated to pay.

In view of our analysis and as defendant's remaining contentions are unpersuasive, we conclude that his appeal lacks merit.

Turning to plaintiff's cross appeal, County Court did not err in denying her application for counsel fees for her attorney's appellate services since such an application is more properly addressed to the trial court (see, *Starke v Starke*, 127 AD2d 969, 970; *Roscini v Roscini*, 45 AD2d 254, 257; see also, 19 Carmody-Wait 2d, NY Prac § 118:70, at 202). Further, even if properly before County Court, plaintiff's application was fatally defective as it was not supported by an affidavit of services from her attorney (see, *Price v Palagonia*, 212 AD2d 765, 766). Lastly, inasmuch as plaintiff's motion for reconsideration was essentially one for reargument, its denial is nonappealable (see, *Deyo v County of Broome*, 225 AD2d 865, n 2).

Cardona, P. J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order entered March 29, 1996 is affirmed, without costs. Ordered that the appeal from the order entered September 4, 1996 is dismissed, without costs.