Appeal from an order of Family Court, Jefferson County (Hunt, J.), entered October 15, 2002, which, inter alia, granted that part of the application of Robert R. Baker, Jr. seeking attorney’s fees.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of the application of Robert R. Baker, Jr. seeking an award of attorney’s fees and as modified the order is affirmed without costs.
Memorandum: By order to show cause, Robert R. Baker, Jr. (Baker) sought vacatur of orders of paternity and support mistakenly filed against him based on a clerical error, the return of support payments and arrears erroneously taken from him pursuant to án income execution, and attorney’s fees. Approximately three months after sending the income execution to Baker’s employer, the Jefferson County Support Collection Unit (SCU) discovered that Baker had been mistakenly identified as the support obligor based on an incorrect social security number. The SCU immediately terminated the income execution and attempted to issue a refund to Baker for the funds deducted from his paycheck. However, through a second clerical error, the refund was misdirected and thus was not sent to Baker until approximately one year later, when the SCU discovered the error.
We agree with the SCU that Family Court erred in granting that part of the application seeking an award of attorney’s fees. Even assuming, arguendo, that the court had the discretion to waive the procedural requirements of CPLR 5241 (e), we nevertheless agree with the SCU that the court lacked authority to assess attorney’s fees against it (see generally Matter of Lynda A.H. v Diane T.O., 243 AD2d 24, 27-28 [1998], lv denied 92 NY2d 811 [1998]). “Because Family Court is a court of limited jurisdiction, it cannot exercise powers beyond those granted to it by statute” (Matter of Howard v Janowski, 226 AD2d 1087, 1087 [1996]), Family Ct Act § 580-313 (b) provides that the *991 court “may not assess fees, costs, or expenses against the obligee or the support enforcement agency of either the initiating or the responding state, except as provided by other law.” Because the SCU is a support enforcement agency within the meaning of that statute (see § 580-101 [20]; Social Services Law § 111-h), the only basis for an award of attorney’s fees was the “other law” provision in section 580-313 (b). The court purported to rely on CPLR 5241 (e) as the necessary “other law,” but that section does not authorize an award of attorney’s fees. We reject the contention of Baker that he was entitled to an award of attorney’s fees pursuant to 22 NYCRR 130-1.1. The SCU’s clerical errors do not constitute the requisite frivolous conduct within the meaning of section 130-1.1 to warrant such an award. Thus, because there is no “other law” authorizing the award of attorney’s fees against the SCU in this case, we modify the order by denying that part of Baker’s application seeking an award of attorney’s fees. Present — Pine, J.P, Hurlbutt, Kehoe, Lawton and Hayes, JJ.