In the Matter of BRIAN G. REILLY, Appellant, v CAROLE A. REILLY, Respondent. (Proceeding No. 1.) In the Matter of CAROLE A. REILLY, Respondent, v BRIAN G. REILLY, Appellant. (Proceeding No. 2.) [913 NYS2d 573]—

 .

In a custody and visitation proceeding pursuant to Family Court Act article 6, and a related family offense proceeding pursuant to Family Court Act article 8, the father appeals from an order of the Family Court, Dutchess County (Posner, J.), dated March 12, 2010, which granted the mother's motion for an award of counsel fees to the extent of directing him to pay her the sum of $6,000.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Dutchess County, for a new determination on the mother's motion.

The mother sought an award of counsel fees in the sum of $11,130 incurred in litigating a proceeding to modify a prior custody and visitation order pursuant to Family Court Act article 6 and a family offense proceeding pursuant to Family Court Act article 8. However, in her motion papers, the mother failed to identify the basis upon which she was entitled to an award of counsel fees in the family offense proceeding. The Family Court awarded the mother the sum of $6,000 for counsel fees incurred in both proceedings, but also failed to identify the basis upon which the mother was entitled to such an award in the family offense proceeding, appearing to rely solely on Domestic Relations Law § 237 (b) for the award in both proceed-

ings. Under these circumstances, the matter must be remitted to the Family Court, Dutchess County, for a new determination (*see* Domestic Relations Law § 237 [b]; Family Ct Act § 842 [f]; *Matter of Gebaide v Gebaide,* 44 AD3d 662 [2007]; *Matter of Belle v DeMilia,* 19 AD3d 691, 692 [2005]; *Matter of Karr v Black,* 25 Misc 3d 1243[A], 2009 NY Slip Op 52566[U] [2009]; *cf. Matter of Gold v Gold,* 53 AD3d 485 [2008]; *Matter of Rusk County Dept. of Health & Human Resources [Grieve] v Baker,* 1 AD3d 990, 991 [2003]; *Hockenbrought v Hockenbrought,* 44 AD2d 767 [1974]; *Matter of Elissa F.,* 147 Misc 2d 374, 377-379 [1990]).

The father's remaining contentions are without merit. Covello, J.P., Eng, Chambers and Hall, JJ., concur.