LeBoeuf v Greene (2023 NY Slip Op 02870)

LeBoeuf v Greene

2023 NY Slip Op 02870

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2021-03777
 (Index No. 54312/19)

[*1]Mandy LeBoeuf, respondent,
v
Joel Greene, appellant.

Beldock Levine & Hoffman, LLP, New York, NY (Jonathan K. Pollack of counsel), for appellant.
Lee Anav Chung White Kim Ruger & Richter, LLP, New York, NY (Aimee L. Richter of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Domestic Relations Law §§ 76(1)(a) and 240, Joel Greene appeals from an order of the Supreme Court, Kings County (Eric I. Prus, J.), dated April 21, 2021. The order granted the application of Mandy LeBoeuf for an award of counsel fees, and awarded her counsel fees in the sum of $25,000.
ORDERED that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law, on the facts, and in the exercise of discretion, and the application of Mandy LeBoeuf for an award of counsel fees is denied; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
The parties, who were never married, are the parents of one child, born in 2017. In August 2019, the mother commenced this proceeding against the father pursuant to Domestic Relations Law §§ 76(1)(a) and 240, seeking, inter alia, sole legal and residential custody of the parties' child. In July 2020, the parties entered into a stipulation resolving all issues raised in the petition by, among other thing, giving the mother final decision-making authority and residential custody of the child, with parental access to the father.
In September 2020, the mother moved to modify the stipulation based upon the father's alleged misrepresentations to her that in August 2020 he drove with the child to visit his parents in Alabama when he in fact flew with the child. The mother's motion papers did not seek an award of counsel fees. At a court conference on December 2, 2020, while the motion remained pending and undecided, the father's counsel acknowledged to the Supreme Court that the father had lied to the mother when he told her that he did not fly with the child to Alabama in August 2020. The mother's counsel made an oral application for an award of counsel fees, and the court permitted the mother to submit a written application. The mother then filed a written application for an award of counsel fees, which the father opposed. In an order dated April 21, 2021 (hereinafter the fee order), the Supreme Court granted the mother's application for an award of counsel fees, and awarded her counsel fees in the sum of $25,000. The father appeals.
Although the Supreme Court failed to state in the fee order the legal authority upon which it based the award of counsel fees (see Matter of Reilly v Reilly, 79 AD3d 1132, 1132; Breslaw v Breslaw, 209 AD2d 662, 663), it is clear from the record that the court awarded counsel fees pursuant to either 22 NYCRR 130-1.1 or Domestic Relations Law § 237(b). However, under the unique circumstances of this case, whether the court awarded counsel fees pursuant to 22 NYCRR 130-1.1 or Domestic Relations Law § 237(b) is immaterial, since under either standard the court improvidently exercised its discretion in granting the application.
Under 22 NYCRR 130-1.1(a), "[t]he court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court, except where prohibited by law, costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct as defined in this [p]art." "[C]onduct is frivolous if: (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (id. § 130-1.1[c]).
"An award of costs or the imposition of sanctions may be made either upon motion in compliance with CPLR 2214 or 2215 or upon the court's own initiative, after a reasonable opportunity to be heard. The form of the hearing shall depend upon the nature of the conduct and the circumstances of the case" (id. § 130-1.1[d]). "The court may award costs or impose sanctions or both only upon a written decision setting forth the conduct on which the award or imposition is based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount awarded or imposed to be appropriate" (id. § 130-1.2).
Here, at the December 2, 2020 court conference, at which the Supreme Court permitted the mother to make a written application for counsel fees, the court did not state whether the application should be made under 22 NYCRR 130-1.1. Moreover, the court did not—either at the December 2, 2020 court conference or in the fee order—specifically make a finding that the father's conduct was "frivolous" within the meaning of 22 NYCRR 130-1.1. Additionally, contrary to the mother's contention, the mother's initial papers submitted in support of her application for an award of counsel fees did not seek relief under 22 NYCRR 130-1.1, or set forth any statutory basis for an award of counsel fees. Under these circumstances, to the extent the court granted the mother's application for an award of counsel fees pursuant to 22 NYCRR 130-1.1, the father did not receive sufficient notice of the alleged frivolous conduct, and, therefore, was not given "a reasonable opportunity to be heard" (id. § 130-1.1[d]; see Muhametaj v Town of Orangetown, 195 AD3d 627, 628).
Moreover, to the extent that the Supreme Court granted the mother's application for an award of counsel fees under 22 NYCRR 130-1.1, the court improperly based its determination to grant the application, in part, on the father's act of lying to the mother about flying to Alabama with the parties' child, since this conduct occurred outside of the proceeding before the court (see Matter of Fernandez v Nigro, 178 AD3d 703, 705; Matter of Alice D. [Lupoli], 113 AD3d 609, 612-613; Casey v Chemical Bank, 245 AD2d 258, 258). The court also based its determination to grant the mother's application on misrepresentations the father made to the court during court conferences in September 2020 and October 2020. However, since the record before us does not contain transcripts of those court proceedings, we are unable to determine what, if any, "material factual statements that are false" were asserted by the father at those court conferences (22 NYCRR 130-1.1[c][3]). Finally, the statements made by the father in his affidavit in opposition to the mother's motion to modify the stipulation did not constitute "material factual statements that are false" within the meaning of 22 NYCRR 130-1.1(c)(3).
Under Domestic Relations Law § 237(b), upon any application to modify an order for custody, parental access, or maintenance of a child, "the court may direct a spouse or parent to pay counsel fees and fees . . . to enable the other party to carry on or defend the application or proceeding by the other spouse or parent as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties" (see Matter of Kelly G. v Circe H., 178 AD3d 533, 534-535). "There shall be a rebuttable presumption that counsel fees shall be awarded to the less monied spouse" (Domestic Relations Law § 237[b]). "Such an award is to be based on the financial circumstances of the parties and the circumstances of the case as a whole" (Matter of [*2]Yu Wei v Mathews, 165 AD3d 957, 958 [internal quotation marks omitted]).
Here, to the extent that the Supreme Court granted the mother's application for an award of counsel fees pursuant to Domestic Relations Law § 237(b), the court did not adequately consider the disparate financial circumstances of the parties (see id.; Frost v Goldberg, 31 AD3d 374, 374-375; Matter of Madden v Cavanaugh, 307 AD2d 266, 267).
Accordingly, under the unique circumstances of this case, the Supreme Court improvidently exercised its discretion in granting the mother's application for an award of counsel fees.
In light of our determination, we need not reach the father's remaining contentions.
IANNACCI, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court