■    NORMA GOLDBERG, Respondent, v. ALAN GOLDBERG, Appellant.— In an action for separation, defendant appeals (1) from so much of an order of the Supreme Court, Nassau County, dated June 5, 1974, as, on plaintiff's motion, directed defendant to appear for an examination before trial as to his income and assets and to produce certain records and papers, and (2) from a further order of the same court, also dated June 5, 1974, which, on plaintiff's motion, (a) directed defendant to turn over to plaintiff the certificate of registration and insurance identification card for a certain 1973 automobile and (b) awarded plaintiff $125 as a counsel fee on the motion. Order directing defendant to appear for an examination before trial affirmed insofar as appealed from, with $20 costs and disbursements (see *Plancher* v. *Plancher*, 35 A D 2d 417, 422, affd. 29 N Y 2d 880). Order directing turnover of the certificate of registration, etc., reversed, without costs, and plaintiff's motion is (1) granted to the extent that, pending determination at the trial, as hereinafter indicated, defendant shall provide plaintiff with a new automobile, which shall be properly insured and registered by him, and (2) otherwise denied. It was improper to direct that defendant turn over to plaintiff the certificate of registration and insurance identification card for an automobile which was not owned by him, particularly as he had voluntarily offered to provide her with a new automobile, paid for with his personal funds. Defendant should be directed to provide such an automobile to plaintiff, properly insured and registered by him, pending a determination, upon the trial of the action, of which vehicle he shall provide to plaintiff, who shall have title to such vehicle and who shall pay for the insurance for such vehicle. Since a prior order awarded counsel fees *pendente lite* and permitted an application for an increased award to be made at the trial, the award of a counsel fee on the motion with respect to an automobile was unnecessary and improper. Shapiro, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.

■    ROBERT HEDEMAN, Respondent, v. SALLY HEDEMAN, Appellant.— In an action in which the plaintiff husband had been granted a judgment of divorce, defendant appeals from an order of the Supreme Court, Nassau County, dated January 29, 1974, which (a) denied her motion (1) to punish plaintiff for contempt for his failure fully to comply with the support requirements in the judgment, (2) for a money judgment for the arrears and (3) for a counsel fee for the bringing of the motion; and (b) upon plaintiff's request in his affidavit in opposition to the motion, modified the judgment with respect to support payments for the parties' son. Case remitted to Special Term for a hearing and determination upon the issue of possible support payments due to defendant for child support for the parties' son for the period from April to September, 1973, inclusive. Appeal held in abeyance in the interim. Gulotta, P. J., Martuscello, Latham, Christ and Benjamin, JJ., concur.