■ Lee G. Hirschfeld, Respondent-Appellant, v Howard A. Hirschfeld, Appellant-Respondent. — Judgment, entered June 23, 1982, Supreme Court, New York County (Manuel A. Gomez, J.), which, *inter alia,* granted plaintiff a distributive award of $20,700 in lieu of an equitable distribution of defendant's law practice and further, directed maintenance payments by defendant to plaintiff at a certain rate, unanimously modified, on the law and the facts, by directing defendant to pay the reasonable accounting fees of plaintiff, vacating so much of the judgment as awarded a lump-sum distribution of defendant's law practice, and remanding the matter to Special Term for consideration of whether the monthly maintenance award should be increased in light of our vacatur of the distributive award, and the judgment is otherwise affirmed, without costs. In this divorce action, plaintiff adequately demonstrated both her own financial need and the appropriateness of procuring an accountant to ascribe a value to defendant's law firm. Therefore, the court should have allowed her to be reimbursed by defendant for this expense. We cannot conclude, however, that plaintiff was successful in establishing that the law practice of defendant, an individual practitioner until recently, has any intrinsic value beyond what he might make as salary as an employee of a large

firm or corporation. In the recently decided case of *Litman v Litman* (93 AD2d 695, 696), the Second Department found section 236 (part B, subd 5, par e) of the Domestic Relations Law to specifically countenance a "distributive award" based upon the value of a law firm. We find that, because it is so "difficult to determine the value of the law practice involved herein" (*Litman v Litman,* 93 AD2d, at p 696), plaintiff has not carried her burden in the case at bar. Indeed, it may be well-nigh impossible to capitalize this defendant's practice, notwithstanding the substantial listing of luxury assets in his name. Although certainly subject to being distributed equitably, they really do not indicate any more than the probability that defendant earns more than he states. Accordingly, we find the better, more equitable resolution to be a re-evaluation by Special Term of what a proper maintenance award should be. Concur — Carro, J. P., Silverman, Bloom, Fein and Kassal, JJ.