■ SHEILA J. MICHALEK, Appellant, v THOMAS J. MICHALEK, Respondent.—Harvey, J. Appeal from a judgment of the Supreme Court ordering equitable distribution of the parties'

marital property, entered March 27, 1984 in Montgomery County, upon a decision of the court at Trial Term (Crangle, J.), without a jury.

The parties' marriage resulted in separation after about three years and divorce approximately two years thereafter. It was a childless marriage. In the proceedings, both parties stipulated that each would waive as against the other any claim for anything other than equitable distribution based upon agreed facts. Both parties were gainfully employed throughout the existence of the marriage and the husband earned roughly two thirds of their combined incomes. The parties stipulated that the total value of the marital property was $17,433, excluding benefits from defendant's noncontributory, nonvested pension plan and including $4,000 of appreciation to certain unimproved real property separately owned by defendant. Trial Term concluded that the total marital property, less $500 attributable to plaintiff's inheritance separately awarded her, should be divided on the basis of one third to plaintiff and two thirds to defendant. Finding insufficient proof to support a present value calculation of defendant's potential pension benefits, the court refused to consider any equitable distribution of that asset.

Plaintiff appeals, contending that she should have received at least 45% of the marital property as well as a share of defendant's pension entitlement. Additionally, plaintiff contends that Trial Term erred in failing to consider the relevant factors set forth in Domestic Relations Law § 236 (B) (5) (d).

In making its determination, Trial Term considered the short duration of the marriage. It also found and considered the fact that the parties substantially pooled their earnings, thereby contributing financially to living expenses and property accretion in proportion to their earnings. There was no need for the court to consider Domestic Relations Law § 236 (B) (5) (d) (3), (5), (7) or (9) relating to the needs of a custodial parent, award of maintenance, liquidity of assets or an asset evaluation problem, respectively, because of prior stipulations made by the parties. A trial court is granted broad discretion in equitably apportioning the parties' marital property (*Forcucci v Forcucci*, 83 AD2d 169, 171-172; *see, Majauskas v Majauskas*, 61 NY2d 481, 493-494). We do not find any abuse of that discretion in the instant case.

Although a pension interest is marital property subject to equitable distribution, notwithstanding the fact that it is noncontributory and not vested at the time of distribution

*(Reed v Reed,* 93 AD2d 105, 110-111, *appeal dismissed sub nom. Patricia R. v Thomas R.,* 59 NY2d 761), a pension interest cannot be divided where it is unvalued *(Bizzarro v Bizzarro,* 106 AD2d 690, 692). Thus, plaintiff has the burden, as the one seeking a portion of the pension interest, of establishing the value of said interest, usually by actuarial evidence, as well as evidence of the plan itself, establishing the pensioner's rights *(see, Rodgers v Rodgers,* 98 AD2d 386, 392-393, *appeal dismissed* 62 NY2d 646; *see also, Hirschfeld v Hirschfeld,* 96 AD2d 473, *appeal dismissed* 60 NY2d 701). Plaintiff failed to introduce evidence of facts sufficient to form a basis for the computation set forth in her memorandum of law submitted after the close of the hearing.

Judgment affirmed, with costs. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.