■ MARGARET L. NARAMORE, Respondent, v SERGEI P. NARAMORE, Appellant.—Mikoll, J. Appeal from a judgment of the Supreme Court ordering, *inter alia,* equitable distribution of the parties' marital property, entered December 26, 1984 in Broome County, upon a decision of the court at Trial Term (Lee, Jr., J.), without a jury.

Plaintiff and defendant were married on October 30, 1965 and three children were born of the marriage. This divorce action was commenced March 15, 1983 and, on December 20, 1983, plaintiff was awarded a judgment of divorce on the ground of cruel and inhuman treatment. The divorce decree provided that questions of custody, child support and visitation would be referred to Family Court and, pursuant to a stipulation by the parties, questions of equitable distribution would be transferred to Trial Term. Immediately after filing the divorce judgment, plaintiff filed a note of issue demanding a trial on the issue of equitable distribution.

In July 1984, defendant moved for summary judgment,

claiming that the parties had settled distribution of the marital property and that no property remained for distribution by the court. In his affidavit in support of the motion, defendant stated that plaintiff had transferred her interest in the marital residence to him for $10,000, that he took possession of plaintiff's automobile and assumed responsibility for payments for the car and that he was making no claim for household furnishings kept by plaintiff or for plaintiff's tax-deferred annuity. In opposition to the motion, plaintiff stated in her affidavit that she might be entitled to medical and life insurance coverage, maintenance and a share of defendant's pension. Defendant's motion was denied upon a finding that issues of fact, particularly with regard to the pension, remained.

After a trial of the issues without a jury, Trial Term ruled that plaintiff was permitted to seek maintenance in the present action and, after stating that it had considered the 10 factors enumerated in Domestic Relations Law § 236 (B) (6), awarded plaintiff $35 per week for five years as maintenance. On the question of equitable distribution, Trial Term found that the total value of the marital property was $3,030, stated that it had considered the 10 factors of Domestic Relations Law § 236 (B) (5), and determined that the marital property should be equally divided with defendant paying plaintiff $1,515. Trial Term also awarded plaintiff $1,000 for counsel fees. This appeal by defendant ensued.

Defendant first contends that Trial Term improperly considered plaintiff's application for maintenance and counsel fees. He argues that plaintiff waived her claims for maintenance and counsel fees by failing to preserve them in the divorce decree. Defendant also contends that he was surprised at trial by plaintiff's claims for these items.

With respect to maintenance, it appears that plaintiff originally sought maintenance from defendant when she initiated this action and there is nothing to indicate that plaintiff expressly waived her right to seek it. The stipulation signed by both parties agreeing to a trial of "issues involving equitable distribution" made no mention of a waiver of maintenance. Statutory law provides that an award of maintenance is to be considered in making an equitable distribution (Domestic Relations Law § 236 [B] [5] [d] [5]). Moreover, all relevant financial information was presented to Trial Term and there is no evidence that defendant was prejudiced by the court's consideration of a maintenance award. Thus, Trial Term properly acted in this regard.

With respect to counsel fees, it appears that Trial Term

could properly award counsel fees for work performed in prosecuting plaintiff's claim for equitable distribution after the entry of the judgment of divorce, but not for work done prior thereto. Domestic Relations Law § 237 requires that an award of counsel fees be made in the final judgment in an action or proceeding. "[N]o proceeding may be brought after final judgment either to fix counsel fees previously unrequested or to modify an award of counsel fees previously granted" (Siegel, 1964 Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Laws § 237, 1986 Supp Pamph, p 353). However, counsel fees incurred in the prosecution of certain postjudgment proceedings may be awarded (Domestic Relations Law § 237 [b]).

Thus, plaintiff is not entitled to counsel fees incurred in obtaining the divorce judgment since that judgment did not so provide. However, that judgment does not bar an award of fees incurred in prosecuting the equitable distribution claim, since this issue was transferred to Trial Term for resolution. Trial Term appears to have improperly included in the fee award compensation for legal services rendered before the divorce judgment was granted. However, given the financial circumstances of the parties in this case, Trial Term did not otherwise abuse its discretion in making an award for counsel fees. There is no requirement of indigency before a grant of counsel fees can be made. Therefore, the matter should be remitted for a determination as to appropriate fees for the prosecution of the equitable distribution claim.

Defendant's assertion that Trial Term erred in awarding maintenance to plaintiff because she was guilty of serious marital fault by blackening the family name is without merit. Marital fault, although relevant in determining an award of maintenance (Stevens v Stevens, 107 AD2d 987, 988), is not a complete bar to maintenance. It generally seems to be an injury specifically directed at the spouse (see, e.g., Nolan v Nolan, 107 AD2d 190, 192; Stevens v Stevens, supra). There is no evidence here that the particular conduct of which defendant complains was the cause of the marital breakup. The apparent cause of the breakup was defendant's affair with another woman.

We reject defendant's contention that Trial Term did not consider the relevant statutory factors in making the maintenance award. Review of the record reveals that Trial Term properly considered all relevant statutory factors in arriving at its award of maintenance. Contribution to the marriage is but one of the statutory factors to be considered (Domestic

Relations Law § 236 [B] [6] [a] [8]), and lack of contribution on plaintiff's part would not necessarily bar an award of maintenance.

Defendant argues that Trial Term erroneously considered and made equitable distribution of marital property. Defendant contends that only the pension that plaintiff attributed to defendant in her affidavit in opposition to defendant's motion for summary judgment should have been considered. We find no error in this regard. In her affidavit, plaintiff stated that issues of fact remained to be determined, including maintenance, life and health insurance coverage and defendant's pension. This was sufficient to allow Trial Term to consider and determine the issue of equitable distribution.

Finally, we reject defendant's contention that Trial Term erred in making an equal distribution of insurance policies and a stock purchase plan. However, it does appear that Trial Term mistakenly awarded plaintiff the value of an insurance policy which had already been turned over to her. The value of this insurance policy was $25. Thus, plaintiff's share of equitable distribution should be reduced by that amount.

We have examined defendant's other claims of error and find them unpersuasive.

Judgment modified, on the law and the facts, without costs, by reducing the amount of the equitable distribution award to plaintiff to $1,490; matter remitted to Supreme Court for determination of counsel fees incurred after entry of the judgment of divorce in preparation for the equitable distribution action; and, as so modified, affirmed. Main, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.