■ YVONNE H. TABRIZTCHI, Appellant, v SIROUSSE TABRIZTCHI, Respondent.—In a matrimonial action, the plaintiff wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Queens County (Corrado, J.), dated April 19, 1985 which, *inter alia,* awarded her $125 per week in maintenance.

Ordered that the judgment is modified by deleting from the fifth decretal paragraph the phrase "ONE HUNDRED-TWENTY-FIVE ($125.00) DOLLARS per week for a period of two years commencing April 15, 1986" and substituting therefor the phrase "$175.00 per week for a period of five years commencing April 15, 1985"; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff.

In accordance with the defendant's desire for his child to reside in the marital residence until age 18, the court awarded custody of the child and exclusive occupancy of the marital residence to the plaintiff. The court further provided that the house is to be sold when the child becomes 18 years old and

the proceeds divided equally. The plaintiff was awarded maintenance of $125 per week and child support of $75 per week.

In determining the necessary amount of maintenance, the court should have given more consideration to the fact that the plaintiff was required to carry the full cost of maintaining the marital residence until its sale following the infant's 18th birthday. Accordingly, we have increased the award of maintenance to what we consider to be a more appropriate amount; and extended the period of such maintenance for several months beyond the infant's 18th birthday.

The court, however, did not err by failing to award the plaintiff a percentage of the defendant's pension because no proof of its value was provided (see, Michalek v Michalek, 114 AD2d 655, 656). Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.