■ HERBERT J. HOGAN, Respondent, v MYRA A. HOGAN, Appellant. [598 NYS2d 310] —In a matrimonial action for divorce and ancillary relief, the defendant wife appeals from an order of the Supreme Court, Nassau County (Christ, J.), entered

December 19, 1990, which denied her application for an award of counsel fees.

Ordered that the order is reversed, on the law and as a matter of discretion in the interest of justice, with costs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

At the close of the defendant's case at the first stage of a bifurcated trial to decide the plaintiff husband's entitlement to a divorce on the grounds of cruel and inhuman treatment, the trial counsel for the defendant wife rested "except for the issue of counsel fees". The court reserved decision "on the matter of divorce", but made no mention to the outstanding fee issue. Less than two weeks later, the court rendered a memorandum decision and order dismissing the complaint. Approximately two weeks thereafter, counsel for the defendant wife made a formal application, on papers, for an award of counsel fees. The court denied this application as it found that it lacked jurisdiction to make an award of fees after the action was dismissed. We now reverse. Ordinarily, a trial court lacks the authority to make a post-judgment award of counsel fees for services rendered prior to the entry of a divorce judgment (Domestic Relations Law § 237 [a]; *Shapiro v Shapiro,* 179 AD2d 525; *Gilmore v Gilmore,* 138 AD2d 347; *Taylor v Taylor,* 120 AD2d 355; *Naramore v Naramore,* 118 AD2d 899). However, under the circumstances of this case, and assuming, *arguendo,* that an order of dismissal is the functional equivalent of a final judgment within the meaning of Domestic Relations Law § 237 (a), the court erred by concluding that it lacked jurisdiction to award counsel fees for representation provided by the defendant wife's attorney prior to dismissal of her husband's complaint. Significantly, the wife's attorney attempted to preserve this issue at the close of a bifurcated trial *(see, Taylor v Taylor, supra; Gilmore v Gilmore, supra).* At the time of this attempted oral reservation of the right to seek fees, it was not clear that the court would dismiss the complaint and further trial work was anticipated as to the ancillary issues to be considered at the second stage of the bifurcated trial. Defense counsel was not expected to make a formal application for fees at that juncture only to have to make a successive application for further trial work at the second part of the trial *(see, Goldberg v Goldberg,* 46 AD2d 887). Rather, having taken reasonable steps to preserve the issue at the appropriate time, the court should not have dismissed the action without taking further proof on the outstanding issue of counsel fees. Simply stated, the issue was

raised prior to dismissal, no objection was lodged to the wife's attorney's reservation of rights with respect to the fee issue, and thus, the court should not have dismissed the complaint without addressing the pending fee claim *(see, Sadofsky v Sadofsky,* 78 AD2d 520). As such, the instant motion for an award of counsel fee was not improper.

As the plaintiff's counsel has raised factual issues as to the accuracy of the affirmation of the defendant's attorney in support of his fee application, a hearing is necessary before a fee may be awarded *(see, Stern v Stern,* 114 AD2d 408). Rosenblatt, J. P., Miller, Eiber and Pizzuto, JJ., concur.