IRENE LEVIGNE, Appellant, v AUSTIN LEVIGNE, Respondent. [632 NYS2d 610] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (Modugno, J.H.O.), dated September 10, 1993, as, after a nonjury trial, (1) denied her applications for maintenance and

counsel fees and (2) failed to include the defendant's pension in the equitable distribution of the marital property.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff contends that the Supreme Court erred by failing to award her maintenance in light of its decision to require her to pay the carrying costs on the marital residence (*see, e.g., Berg v Berg*, 186 AD2d 236). We conclude that this issue is academic. The plaintiff concedes in her brief that the marital residence was sold at a foreclosure sale shortly after the court issued its decision in this matrimonial action. The plaintiff, who was earning an annual salary of about $36,000, did not establish that an award of maintenance was warranted (*see*, Domestic Relations Law § 236 [B] [6] [a]).

Although a pension is normally subject to equitable distribution, the plaintiff failed to request, either during the trial or in her post-trial memorandum, that the court award her a portion of the defendant's pension. Moreover, no evidence was offered at trial with regard to the defendant's pension. Under these circumstances, the court did not err by failing to include the defendant's pension in the equitable-distribution award (*see, e.g., Cleary v Cleary*, 171 AD2d 1076; *Del Gado v Del Gado*, 129 AD2d 426; *see also, Michalek v Michalek*, 114 AD2d 655).

Finally, the court did not improvidently exercise its discretion by failing to award counsel fees to the plaintiff. The plaintiff's attorney did not make a proper application for such fees prior to entry of the judgment (*see*, Domestic Relations Law § 237; *Taylor v Taylor*, 120 AD2d 355). Sullivan, J. P., O'Brien, Copertino and Krausman, JJ., concur.