■ In the Matter of FRANK J. BUONO, Appellant, v LESLIE FANTACONE, Respondent. [676 NYS2d 343] —Graffeo, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered August 25, 1997, which, in a proceeding pursuant to Family Court Act article 6, granted respondent's motion for counsel fees.

Two years following the parties' divorce, petitioner sought custody modification prompted by respondent's move to Illinois. During the pendency of the modification hearing, the par-

ties stipulated to joint custody with their child's primary residence with respondent. A Family Court order memorializing this agreement was entered on May 12, 1994. Thereafter, petitioner commenced proceedings in Family Court in March 1996 claiming a change in circumstances warranting modification of the previous custody order. Respondent moved to dismiss the petition and sought recovery of her counsel fees. Respondent's motion was denied by order entered June 4, 1996, but the court specifically granted respondent leave to resubmit her application for counsel fees at the conclusion of the proceedings. Subsequent to a hearing, Family Court awarded sole custody to respondent and granted petitioner certain visitation rights by order dated November 13, 1996. The order included a provision stating that it "supersedes all prior orders and resolves all petitions pending before the court". The order did not, however, address the issue of counsel fees.

Six months after the entry of the November 1996 order, respondent moved for an award of $16,436 in counsel fees and $2,875 in costs and disbursements. Family Court reserved decision on petitioner's motion to dismiss for lack of jurisdiction and proceeded with a hearing on the relative financial situations of the parties and the services rendered by respondent's counsel. At the conclusion of the hearing, Family Court ordered petitioner to pay $6,000 to respondent's counsel for counsel fees.

Petitioner appeals, contending that Family Court lacked jurisdiction to award counsel fees. Generally, a postjudgment award of counsel fees for services rendered prior to the judgment is not permitted where fees were not previously requested (see, Domestic Relations Law § 237 [b]; *Hogan v Hogan*, 194 AD2d 520, 521; *Naramore v Naramore*, 118 AD2d 899, 901). In this case, respondent's application for counsel fees was made prior to the final judgment and Family Court specifically granted respondent leave to reapply at the conclusion of the proceedings. Accordingly, Family Court retained limited jurisdiction to entertain the issue of counsel fees subsequent to the November 13, 1996 order (see, *Shapiro v Shapiro*, 179 AD2d 525; *Gilmore v Gilmore*, 138 AD2d 347; cf., *Naramore v Naramore, supra*). Family Court determined that respondent's delay of approximately six months in filing her motion for counsel fees was reasonable, due in part to the serious illness and death of respondent's father. The court also noted that petitioner had filed 15 petitions since 1991, many of which were merely for "harassment value," and that respondent was justifiably concerned that a motion for counsel fees would

prompt an additional custody petition (cf., *Mancinelli v Mancinelli*, 228 AD2d 747). Under these circumstances, we conclude that Family Court did not abuse its discretion in entertaining the belated motion.

We also reject petitioner's contention that respondent did not sustain her burden of proof to support an award of $6,000 in counsel fees. A sufficient evidentiary basis must exist for the court to evaluate the respective financial circumstances of the parties and the value of the services rendered (*see, DeCabrera v Cabrera-Rosete*, 70 NY2d 879; *Creighton v Creighton*, 222 AD2d 740; *Culnan v Culnan*, 142 AD2d 805, *lv dismissed* 73 NY2d 994). The record provides adequate support for Family Court's award of counsel fees since the parties' financial resources were examined and respondent testified to the amount due and payments made in connection with her legal bills. Although an invoice or account stated was not proffered in evidence, there was testimony by respondent with respect to the nature and extent of the services rendered, and more particularly that her attorney provided approximately 120 hours of services and billed her $16,436. Petitioner did not refute respondent's testimony and, in fact, testified that he had been billed by his attorney between $16,000 and $18,000 for services during the same time frame.

Further, Family Court "carefully examined" the detailed time and billing records, including summaries of the services rendered, which were submitted to the court in support of the written application for counsel fees (*cf., Matter of Vitek v Vitek*, 170 AD2d 908). The court was also well aware of the services necessitated throughout the protracted proceedings (*cf., Mancinelli v Mancinelli, supra*, at 748) and awarded only a portion of the amount sought by respondent. Therefore, Family Court had sufficient testimony and documentation to evaluate the circumstances of the case (*see*, Domestic Relations Law § 237 [b]), the respective financial positions of the parties, and the cost and nature of services rendered on behalf of respondent.

Cardona, P. J., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.