■ LISA A. SECKLER-ROODE, Respondent, v CHRISTOPHER ROODE, Appellant. [830 NYS2d 211]—

In an action for a divorce and ancillary relief, the defendant appeals (1), as limited by his brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Suffolk County (Blydenburgh, J.), dated April 25, 2005, which, after a nonjury trial, inter alia, denied his motion for a downward modification of his pendente lite support obligation and failed to include the plaintiff's pension in the equitable distribution of the parties' marital property, and (2) from a judgment of the same court dated May 4, 2005, which, upon an order of the same court dated March 4, 2005 granting the plaintiff's application for an award of attorneys' fees, disbursements, and expert fees, is in favor of the plaintiff and against him in the total sum of $41,798.61.

Ordered that the order and judgment dated April 25, 2005 is affirmed insofar as appealed from; and it is further,

Ordered that the judgment dated May 4, 2005 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Modifications of pendente lite awards should rarely be made, and then " 'only under exigent circumstances such as where a party is unable to meet his or her financial obligations or justice otherwise requires' " (Einhart v Einhart, 278 AD2d 360, 361 [2000], quoting Beige v Beige, 220 AD2d 636, 636 [1995]). Contrary to the defendant's contention, the record does not support his claim that the pendente lite award should have been modified because the plaintiff resumed work after her leave of absence. The Supreme Court took the plaintiff's ability to earn an income into consideration when issuing the pendente lite order, factoring in her base salary despite the fact that she was on a one-year leave of absence.

Furthermore, the court did not err in declining to award the

defendant an equitable share of the value of the plaintiff's pension. Generally, that portion of the value of a pension which accrues during the marriage constitutes marital property subject to equitable distribution (*see Majauskas v Majauskas,* 61 NY2d 481 [1984]). Here, however, the defendant failed to meet his burden of proving the value of the plaintiff's pension, offering no proof at all as to its value (*see Tabriztchi v Tabriztchi,* 130 AD2d 652 [1987]; *Michalek v Michalek,* 114 AD2d 655, 656 [1985]).

The defendant's remaining contention regarding the award of attorneys' and expert fees and disbursements is without merit. Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.