ADAYMEE MICHAELESSI, Appellant, v CHARLES MICHAELESSI, Respondent. [874 NYS2d 207]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her notice of appeal and brief, from so much of a judgment of the Supreme Court, Queens County (Geller, Special Referee), entered June 20, 2007, as, upon a decision of the same court dated January 23, 2007, made after a nonjury trial, awarded her only 25% of the value of the defendant's pen-

sion and failed to award her any portion of a joint bank account and an individual retirement account held in the defendant's name.

Ordered that the judgment is modified, on the law, by adding thereto provisions (1) awarding the plaintiff the sum of $5,165.50, representing 50% of the value of the joint bank account, as valued at the date of commencement of the action, and (2) awarding the plaintiff 50% of the value of the individual retirement account, valued as of the date the equitable distribution issues were tried; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a determination of the value of the Individual Retirement account as of January 31, 2006, and the entry thereafter of an appropriate amended judgment.

"The trial court 'is vested with broad discretion in making an equitable distribution of marital property' . . . and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (*Saleh v Saleh,* 40 AD3d 617, 617-618 [2007], quoting *Bossard v Bossard,* 199 AD2d 971, 971 [1993]). Equitable distribution does not necessarily mean equal distribution (*see Evans v Evans,* 57 AD3d 718 [2008]; *Greene v Greene,* 250 AD2d 572 [1998]).

The Supreme Court providently exercised its discretion in awarding the plaintiff 25% of the value of the defendant's pension. The plaintiff admitted that she did not truthfully fill out her net worth statement, and failed to provide an adequate explanation as to how she was able to afford to pay for a significant elective-surgical procedure with her claimed level of assets. "Secreting assets in order to prevent the trial court from making an equitable distribution of property supports a finding of economic fault. Once such a finding is made, the trial court must consider the missing assets in making it distributive award" (*Contino v Contino,* 140 AD2d 662, 662-663 [1988] [citations omitted]). The Supreme Court providently exercised its discretion in taking the missing assets into account and limiting the plaintiff's share of the value of the defendant's pension to 25%.

The remainder of the marital property distributed was distributed on a 50/50 basis. However, the Supreme Court erred in concluding that a bank account at the North Fork Bank, which the defendant acknowledged was a joint account, was separate property (*see Palumbo v Palumbo,* 10 AD3d 680, 681 [2004]). Contrary to the court's determination, there was evidence that the bank account was a joint account and had a

value, at the time of commencement of the action, of $10,313 (*see Ruane v Ruane,* 55 AD3d 586, 588 [2008]; *Iwanow v Iwanow,* 39 AD3d 471, 473 [2007]; *D'Angelo v D'Angelo,* 14 AD3d 476 [2005]). Accordingly, the plaintiff was entitled to, and should have been awarded, a 50% share, in the sum of $5,156.50.

The Supreme Court also erred in failing to award the plaintiff any portion of an individual retirement account (hereinafter IRA) held in the defendant's name with Brown Co., which was unquestionably marital property. The plaintiff is entitled to, and should have been awarded, a 50% share of the value of that account. The only proof of the value of that asset is its value around the time of the commencement of the action. However, that passive investment account is more appropriately valued as of the date of the equitable distribution trial, January 31, 2006. Accordingly, we remit the matter to the Supreme Court, Queens County, for a determination of the value of the IRA on January 31, 2006 (*see Donovan v Szlepcsik,* 52 AD3d 563, 563-564 [2008]; *Daniel v Friedman,* 22 AD3d 707, 708 [2005]), and the entry thereafter of an appropriate amended judgment. Rivera, J.P., Dillon, Covello and Angiolillo, JJ., concur.