■ In the Matter of LYNDA GORSKY, Respondent, v JOHN ALEXANDER KESSLER, Appellant. [919 NYS2d 876]—

In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Westchester County (Klein, J.), dated July 12, 2010, which, without a hearing, granted the mother's motion for an award of an attorney's fee.

Ordered that the order is reversed on the law, with costs, and the matter is remitted to the Family Court, Westchester County, for a hearing and determination of the motion in accordance herewith.

Contrary to the father's contention, the Family Court had jurisdiction to entertain the mother's motion for an award of an attorney's fee, which had been raised in a prior order to show cause that had not been determined prior to entry of the instant custody order dated June 18, 2009 (*see generally* Domestic Relations Law § 237 [b]; *Gilmore v Gilmore*, 138 AD2d 347 [1988]).

However, under the circumstances, it was error for the Supreme Court to have awarded an attorney's fee without conducting a hearing (*see generally Price v Price*, 113 AD2d 299, 309 [1985], *affd* 69 NY2d 8 [1986]; *Sadofsky v Sadofsky*, 78 AD2d 520, 521 [1980]; *Johnston v Johnston*, 115 AD2d 520 [1985]; *Weinberg v Weinberg*, 95 AD2d 828, 829 [1983]). Accordingly, an evidentiary hearing must be held so that the extent and value of the attorney's services can be "scrutinized in an adversarial context by the trial court and intelligently reviewed by this one" (*Sadofsky v Sadofsky*, 78 AD2d at 521). Prudenti, P.J., Dillon, Balkin and Sgroi, JJ., concur.