In the Matter of MARK M. BERRADA, Appellant, v TERESA MARTIN BERRADA, Respondent. (And Another Related Proceeding.) [935 NYS2d 348]—

Mercure, A.P.J.

Initially, the mother's motion for counsel fees and expenses was made prior to the entry of the final custody order, and the father's argument that Family Court lacked jurisdiction to resolve that motion is unavailing (*see* Domestic Relations Law § 237 [b]; *O'Shea v O'Shea*, 93 NY2d 187, 192 [1999]; *Matter of Buono v Fantacone*, 252 AD2d 917, 918 [1998]). Addressing the merits, the mother's motion papers included her own affidavit, as well as the detailed affidavit of her attorney and documenta-

tion with respect to the amount of counsel fees sought. Moreover, both the mother and her counsel were subjected to cross-examination at the ensuing hearing and, in our view, Family Court "had sufficient evidence to evaluate the financial circumstances of each party and the value of the legal services rendered" (*Yarinsky v Yarinsky*, 25 AD3d 1042, 1042 [2006]). Family Court considered the relevant factors in rendering its decision, including the parties' respective financial positions, the services rendered by counsel, the complexity of the proceedings, the father's obstreperous and litigious conduct, and the end result, and it appropriately directed the father to pay 80% of the mother's counsel fees (*see Johnson v Chapin*, 12 NY3d 461, 467 [2009]; *Armstrong v Armstrong*, 72 AD3d 1409, 1416 [2010]; *Matter of Van Horn v Dahoda*, 272 AD2d 791, 792 [2000]).

We are, however, compelled to modify Family Court's judgment in two respects. First, the mother's counsel documented reasonable fees of only $70,760 arising out of these proceedings, and the award must be reduced to 80% of that amount, or $56,608. Furthermore, inasmuch as the record is devoid of detailed evidence substantiating the amounts expended by the mother for an expert witness and private investigator, the father should not have been compelled to pay a portion of those expenses (*see Cervone v Cervone*, 74 AD3d 1268, 1269 [2010]; *Avello v Avello*, 72 AD3d 850, 852 [2010]; *O'Donnell v O'Donnell*, 2 AD3d 604, 605 [2003]).

Peters, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reducing the amount awarded to $56,608, and, as so modified, affirmed.