■ Tahera Safi, Respondent, v Mohammad E. Safi, Appellant. [941 NYS2d 661]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (St. George, J.), entered October 18, 2010, as, after a nonjury trial, directed him to pay the plaintiff the sum of $1,500 per month in maintenance from July 3, 2010, until the marital home was sold, and thereafter pay the plaintiff the sum of $3,000 per month for a period of 10 years, and awarded the plaintiff 50% of the marital property as her equitable share.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

"[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts . . . The factors to be considered in awarding maintenance include the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance" (*Griggs v Griggs*, 44 AD3d 710, 711-712 [2007] [citations and internal quotation marks omitted]). Here, the amount and duration of maintenance awarded to the plaintiff by the Supreme Court was consistent with the purpose and function of maintenance in light of the plaintiff's education, work history, and ability to be self-supporting, and the parties' pre-divorce standard of living.

"The trial court is vested with broad discretion in making an equitable distribution of marital property . . . and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (*Michaelessi v Michaelessi*, 59 AD3d 688, 689 [2009]). Here, in this 25-year marriage, where the plaintiff worked at the defendant's business and contributed directly and indirectly to the marriage as

a spouse and mother, the Supreme Court providently exercised its discretion in awarding the plaintiff 50% of the marital property. Dickerson, J.P., Chambers, Austin and Miller, JJ., concur.