In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Orange County (McGuirk, J.), dated November 9, 2011, which, upon a decision of the same court dated November 9, 2011, made after a nonjury trial, inter alia, awarded sole ownership of the marital residence to the defendant.
Ordered that the judgment is affirmed insofar as appealed from, with costs.
“ ‘The trial court is vested with broad discretion in making an equitable distribution of marital property . . . and unless it can be shown that the court improvidently exercised that discre *904 tion, its determination should not be disturbed’ ” (Safi v Safi, 94 AD3d 737, 737 [2012], quoting Michaelessi v Michaelessi, 59 AD3d 688, 689 [2009]).
“Equitable distribution does not necessarily mean equal distribution” (Michaelessi v Michaelessi, 59 AD3d at 689; see Duffy v Duffy, 84 AD3d 1151, 1152 [2011]; McLoughlin v McLoughlin, 74 AD3d 911, 914 [2010]). The equitable distribution of marital assets must be based on the circumstances of the particular case and the consideration of a number of statutory factors (see Holterman v Holterman, 3 NY3d 1, 7 [2004]; Domestic Relations Law § 236 [B] [5] [d]). Those factors include: the income and property of each party at the time of marriage and at the time of commencement of the divorce action; the duration of the marriage; the age and health of the parties; the loss of inheritance and pension rights; any award of maintenance; any equitable claim to, interest in, or direct or indirect contribution made to the acquisition of marital property by the party not having title; and any other factor which the court shall expressly find to be just and proper (see Domestic Relations Law § 236 [B] [5] [d]). In issuing a determination, the court must set forth the factors it considered and the reasons for its decision (see Domestic Relations Law § 236 [B] [5] [g]).
Here, contrary to the plaintiff’s contention, the Supreme Court did not abdicate its responsibility by adopting the defendant’s proposed findings of fact, particularly since the court edited them by deleting some of the proposed findings (see Altieri v Altieri, 35 AD3d 1093, 1096 [2006]; see also Noble v Noble, 78 AD3d 1386, 1387 [2010]; Schammel v Schammel, 161 AD2d 407, 408 [1990]; cf. Capasso v Capasso, 119 AD2d 268, 275 [1986]), which necessitated the court’s revision of the proposed judgment submitted by the defendant.
Moreover, the Supreme Court properly set forth the factors it considered and the reasons for its decision (see Domestic Relations Law § 236 [B] [5] [g]). In awarding the defendant sole ownership of the parties’ marital residence, the court noted that it was directing the plaintiff to convey his interest in the property in lieu of, inter alia, maintenance and an attorney’s fee. The court also noted that the mortgage on the marital residence had been satisfied by the defendant’s parents, and that the expenses paid by the defendant, her financial sacrifices, her waiver of an attorney’s fee, and the loss of retirement benefits resulting from the plaintiff’s discharge for cause from a school administrative position, exceeded the plaintiff’s share in the equity of the martial residence.
Under the circumstances of this case, the Supreme Court *905 providently exercised its discretion in awarding sole ownership of the marital residence to the defendant (see Ropiecki v Ropiecki, 94 AD3d 734, 735 [2012]; Mahon v Mahon, 129 AD2d 684, 684 [1987]; see also Teabout v Teabout, 269 AD2d 719, 721 [2000]).
The plaintiffs remaining contentions are without merit.
Dillon, J.P, Angiolillo, Dickerson and Cohen, JJ., concur.