In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Queens County (Flaherty, J.), dated March 23, 2010, which, upon a decision of the same court dated October 8, 2009, made after a nonjury trial, inter alia, directed him to pay child support in the sum of $2,156.50 per month commencing December 1, 2009, and retroactive child support in the sum of $53,912.50 for the period November 1, 2007, through November 30, 2009, awarded the plaintiff the sum of $239,833.84, representing 50% of the proceeds from the sale of certain real property located in Jamaica, Queens, awarded the plaintiff sole legal title to certain real property located on Remington Street in Jamaica, Queens, and awarded the plaintiff an attorney’s fee in the sum of $38,784.82.
Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof awarding the plaintiff sole legal title to certain real property located on Remington Street in Jamaica, Queens, and substituting therefor a provision awarding the defendant 50% of *504 the value of that real property, and (2) by deleting the provision thereof awarding the plaintiff an attorney’s fee in the sum. of $38,784.82, and substituting therefor a provision awarding the plaintiff an attorney’s fee in the sum of $27,947.32; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff.
“The trial court is vested with broad discretion in making an equitable distribution of marital property . . . and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed” (Safi v Safi, 94 AD3d 737, 737 [2012] [internal quotation marks omitted]; see Michaelessi v Michaelessi, 59 AD3d 688, 689 [2009]). In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and we may render a judgment we find warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]).
“Equitable distribution does not necessarily mean equal distribution” (Michaelessi v Michaelessi, 59 AD3d at 689; see Henery v Henery, 105 AD3d 903 [2013]). The equitable distribution of marital assets must be based on the circumstances of the particular case and the consideration of a number of statutory factors (see Holterman v Holterman, 3 NY3d 1, 7 [2004]; Domestic Relations Law § 236 [B] [5] [d]). Those factors include: the income and property of each party at the time of marriage and at the time of commencement of the divorce action; the duration of the marriage; the age and health of the parties; the loss of inheritance and pension rights; any award of maintenance; any equitable claim to, interest in, or direct or indirect contribution made to the acquisition of marital property by the party not having title; and any other factor which the court shall expressly find to be just and proper (see Domestic Relations Law § 236 [B] [5] [d]).
As the defendant presented insufficient and incredible evidence to establish his income, the trial court properly awarded child support based on the needs of the child (see Domestic Relations Law § 240 [1-b] [k]; Lew v Lew, 82 AD3d 1171 [2011]; Evans v Evans, 57 AD3d 718 [2008]). Additionally, the trial court properly directed that the child support award was to be retroactive to the date of the initial pleadings (see Domestic Relations Law § 236 [B] [7] [a]; Evans v Evans, 57 AD3d at 718-719; Poli v Poli, 286 AD2d 720 [2001]).
The trial court providently exercised its discretion in awarding the plaintiff the sum of $239,833.84, representing 50% of *505 the proceeds from the sale of certain real property located in Jamaica, Queens (see Johnson v Johnson, 99 AD3d 765 [2012]). The property was purchased during the marriage and, therefore, is presumed to be marital property, regardless of the form in which title is held (see Domestic Relations Law § 236 [B] [1] [c]; Marcellus-Montrose v Montrose, 84 AD3d 752 [2011]). The defendant failed to meet his burden of tracing the use of claimed separate funds to establish that they were used for the purchase of the subject property (see Spera v Spera, 71 AD3d 661 [2010]; Steinberg v Steinberg, 59 AD3d 702 [2009]).
Contrary to the defendant’s contention, the trial court properly declined to award him a share in certain real property located in North Carolina after the defendant acknowledged that the property was purchased by the plaintiff prior to the marriage and that he did not contribute any money to improvements made to the property. The parties’ conflicting testimony as to the defendant’s “direct contribution of. . . time and labor toward the improvements made to [this asset] presented a question of credibility which [the court] resolved in favor of [the plaintiff]” (Alper v Alper, 77 AD3d 694, 695 [2010]). “Such a credibility determination is afforded great weight on appeal” (Alper v Alper, 77 AD3d at 695 [internal quotation marks omitted]; see Carr-Harris v Carr-Harris, 98 AD3d 548 [2012]). Moreover, the defendant “failed to establish by competent evidence the monetary value of the alleged appreciation of the [North Carolina] property” (Tzanopoulos v Tzanopoulos, 18 AD3d 464, 465 [2005]; see Morales v Inzerra, 98 AD3d 484 [2012]; Embury v Embury, 49 AD3d 802 [2008]).
Similarly, the trial court properly declined to distribute a portion of the plaintiffs pension to the defendant. Although a pension is normally subject to equitable distribution, the defendant failed to request that the court award him a portion of the plaintiff’s pension (see Leichtner v Leichtner, 18 AD3d 446 [2005]; LeVigne v LeVigne, 220 AD2d 561 [1995]). In any event, the defendant failed to meet his burden of proving the value of the plaintiffs pension (see Seckler-Roode v Roode, 36 AD3d 889 [2007]; LeVigne v LeVigne, 220 AD2d at 562).
The trial court erred, however, in awarding the plaintiff sole legal title to certain real property located on Remington Street in Jamaica, Queens, which the parties purchased together during the marriage. Under the circumstances of this case, the defendant is entitled to 50% of the value of that real property as his equitable share (see McGrath v McGrath, 261 AD2d 369, 369-370 [1999]).
The award of an attorney’s fee to the plaintiff is excessive to the extent indicated.
*506 The defendant’s remaining contentions are without merit. Skelos, J.P., Angiolillo, Leventhal and Chambers, JJ., concur.