■ In the Matter of RICHARD I. SILVER, Appellant-Respondent, v BETH GREEN, Respondent-Appellant. [990 NYS2d 238]—

In a custody and visitation proceeding pursuant to Family Court Act article 6, in which the father petitioned to modify the visitation provisions of a stipulation of settlement dated May 8, 2008, the father appeals, as limited by his brief, from so much of an order of the Family Court, Nassau County (Stack, J.H.O.), dated March 15, 2013, as, after a hearing, denied his motion for an award of an attorney's fee and granted that branch of the mother's cross motion which was for an award of an attorney's fee in connection with her opposition to the petition seeking modification of visitation, and the mother cross-appeals from so much of the same order as granted that branch of her cross motion which was for an award of an attorney's fee in connection with her opposition to the petition seeking modification of visitation only to the extent of awarding her the sum of $40,000, and denied that branch of her cross motion which was for an award of an attorney's fee in connection with legal services rendered after the completion of the proceeding seeking modification of visitation.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof granting that branch of the mother's cross motion which was for an award of an attorney's fee in connection with her opposition to the petition seeking modification of visitation, and substituting therefor a provision denying that branch of her cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

After a hearing was conducted and a final order was rendered in connection with the father's petition to modify the visitation provisions of a so-ordered stipulation of settlement entered into by the parties concerning their child, the father moved for an award of an attorney's fee, mostly for services rendered after the proceeding for the modification of visitation had been determined. The mother cross-moved for an award of an attorney's fee for legal expenses that she incurred in opposing the petition seeking modification of visitation, as well as for legal services rendered after the proceeding had been determined. After a hearing on the motion and cross motion, the Family Court denied the father's motion for an award of an attorney's fee in its entirety, awarded the mother $40,000 "as and for the fees attributed to the modification of visitation" proceeding, and otherwise denied the mother's cross motion for an award of an attorney's fee.

Domestic Relations Law § 237 (b) provides, in relevant part, that "[u]pon any application to . . . modify an order or judg-

ment for . . . visitation . . . the court may direct a spouse or parent to pay counsel fees and fees and expenses of experts directly to the attorney of the other spouse or parent to enable the other party to carry on or defend the application or proceeding by the other spouse or parent as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties. . . . Applications for the award of fees and expenses may be made at any time or times prior to final judgment." "Under Domestic Relations Law § 237, a motion for [an award of] attorney's fees must be made prior to final judgment. Postjudgment applications for fees may only be granted for legal services and expenses incurred after rendition of the final judgment" (*Taylor v Taylor*, 120 AD2d 355, 356 [1986]; *see LeVigne v LeVigne*, 220 AD2d 561 [1995]).

Here, that branch of the mother's cross motion which was for an award of an attorney's fee in connection with her opposition to the petition seeking modification of visitation should have been denied as untimely, since the cross motion was made after a final order of visitation had been entered in the modification proceeding (*compare Matter of Berrada v Berrada*, 90 AD3d 1195 [2011], *with Matter of Gorsky v Kessler*, 83 AD3d 708, 709 [2011]; *Matter of Buono v Fantacone*, 252 AD2d 917 [1998]). To the extent that the mother also sought an award of an attorney's fee for services rendered in connection with matters that postdated the issuance of the final order of visitation in the modification proceeding, the Family Court did not improvidently deny that request (*see Matter of Grald v Grald*, 33 AD3d 922, 923 [2006]). The father's motion for an award of an attorney's fee was properly denied, based on his failure to substantially comply with 22 NYCRR 1400.3 (*see Sherman v Sherman*, 34 AD3d 670, 671 [2006]; *Wagman v Wagman*, 8 AD3d 263 [2004]).

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination. Skelos, J.P., Dillon, Maltese and Barros, JJ., concur.