McCormack v McCormack (2018 NY Slip Op 05032)





McCormack v McCormack


2018 NY Slip Op 05032


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-04966
2016-11260
 (Index No. 3935/12)

[*1]Grace McCormack, respondent, 
v
Michael McCormack, appellant.


Yalkut & Israel, Bronx, NY (Nicole M. Harley and Arlen S. Yalkut of counsel), for appellant.
Guttridge & Cambareri, P.C., White Plains, NY (John C. Guttridge and Scott Stone of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from (1) findings of fact and conclusions of law of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated March 22, 2016, and (2) a judgment of the same court dated March 24, 2016. The judgment, insofar as appealed from, upon a decision and order of the same court dated December 17, 2015, made after a nonjury trial, and upon the findings of fact and conclusions of law dated March 22, 2016, awarded the plaintiff a 65% distributive share of the defendant's tax-deferred annuity, awarded the plaintiff a 45% distributive share of the defendant's New York City Department of Sanitation pension, and denied the defendant a distributive share of the plaintiff's pension.
ORDERED that the appeal from the findings of fact and conclusions of law is dismissed, as no appeal lies from findings of fact and conclusions of law (see DiFiore v DiFiore, 87 AD3d 971); and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in awarding the plaintiff a 65% distributive share of the defendant's tax-deferred annuity. " The trial court is vested with broad discretion in making an equitable distribution of marital property . . . and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed'" (Halley-Boyce v Boyce, 108 AD3d 503, 504, quoting Safi v Safi, 94 AD3d 737, 737). " Equitable distribution does not necessarily mean equal distribution'" (Halley-Boyce v Boyce, 108 AD3d at 504, quoting Michaelessi v Michaelessi, 59 AD3d 688, 689). The court properly took into consideration its finding that the defendant was deliberately evasive in his testimony (see Kerley v Kerley, 131 AD3d 1124), and that he diverted marital assets to support a second family for almost 10 years (see Renck v Renck, 131 AD3d 1146; Sotnik v Zavilyansky, 101 AD3d 1102; Altieri v Altieri, 35 AD3d 1093; Coleman v Coleman, 284 AD2d 426; Southwick v Southwick, 202 AD2d 996).
For the same reasons, we agree with the Supreme Court's determination to award the plaintiff a 45% distributive share of the defendant's New York City Department of Sanitation pension. Moreover, contrary to the defendant's contention, the court did not award the plaintiff a 65% share of the pension. The court determined that the portion of the defendant's pension accrued during the marriage was to be equally divided by the parties pursuant to the formula set forth in Majauskas v Majauskas (61 NY2d 481). Pursuant to that formula, the court awarded the plaintiff a 45% distributive share of the value of the pension.
Contrary to the defendant's contention, the Supreme Court did not err in failing to award him a distributive share of the plaintiff's pension, because the defendant failed to establish the value of the pension (see Halley-Boyce v Boyce, 108 AD3d 503; Alper v Alper 77 AD3d 694; Seckler-Roode v Roode, 36 AD3d 889; Iwahara v Iwahara, 226 AD2d 346).
LEVENTHAL, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court